# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................... iii

PRELIMINARY STATEMENT ............................................................. 1

FACTUAL BACKGROUND.................................................................. 2

ARGUMENT ...................................................................................... 3

POINT I

    The Standard for a Motion to Dismiss ........................................... 3

POINT II

    The New York Federal Court Cannot Exercise Personal
    Jurisdiction Over Defendant, Squaw Valley ................................... 3

    A. Plaintiff Has Failed to Establish that this Court has Personal
       Jurisdiction Over Squaw Valley................................................ 3

    B. New York lacks General Jurisdiction over Squaw Valley
       Under C.P.L.R. § 301 Since Squaw Valley was not "Doing
       Business" in New York ............................................................ 5

    C. New York's Long-arm Jurisdiction Statute does Not Provide
       a Basis for Establishing Personal Jurisdiction over Squaw
       Valley ....................................................................................... 9

POINT III

    Squaw Valley Lacks Sufficient Minimum Contacts To Support
    The Exercise Of Personal Jurisdiction Pursuant To The Due
    Process Clause ........................................................................... 20

i

POINT IV

Alternatively, The Complaint Should Be Dismissed Under The
Doctrine Of Forum Non Conveniens ............................................................23

CONCLUSION.............................................................................................................25

ii

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Am. Homecare Fed. Inc. v. Paragon Scientific Corp.*, 27 F.Supp.2d 109 (D.Conn.1998) ...........11

*Am. Network, Inc. v. Access America/Connect Atlanta, Inc.*,
    975 F.Supp. 494 (S.D.N.Y.1997) ...........................................................................................15

*Aqua Products, Inc. v. Smartpool, Inc.*, 2005 WL 1994013 (S.D.N.Y. 2005)................................5

*Aquascutum of London, Inc. v. S.S. American Champion*, 426 F.2d 205 (2d Cir.1970) ..............6, 7

*Asahi Metal Ind. v. Superior Court of California, Solano County*, 480 U.S. 102,
    107 S.Ct. 1026, 94 L.Ed.2d 92 ...............................................................................18, 20, 21

*Audiovisual Publishers, Inc. v. Manor Care, Inc.*, 2006 WL 3511345 (W.D.N.Y. 2006)............20

*Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d  (2d Cir. 1990)...........................................5

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779 (2d Cir.1999)..........4, 14

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120 (2d Cir. 2002).............21

*Banker v. Esperanza Health Systems, Ltd.*, No. 05 Civ. 4115,
    2005 WL 3077513 (S.D.N.Y. 2005) .......................................................................................4

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ...............................................................21

*Carlson v. Cuevas*, 932 F. Supp. 76 (S.D.N.Y.1996)...................................................................15

*Chunky Corp. v. Blumenthal Bros. Chocolate Co.*, 299 F.Supp. 110 (S.D.N.Y.1969).................17

*Citigroup*, 97 F.Supp.2d ......................................................................................................12, 15

*Corp. v. King*, 126 F.3d 25 (2d Cir.1997) .................................................................................15

*CutCo Industries, Inc., v. Naughton*, 806 F.2d 361 (2d Cir. 1986) ..........................................3, 10

*DiBella v. Hopkins*, 187 F. Supp.2d 192 (S.D.N.Y.2002)..............................................................4

*Donini Intern., S.p.A. v. Satec, LLC*, 2004 WL 1574645 (S.D.N.Y. 2004)..................................20

*Drucker Cornell v. Assicurazioni Generali S.p.A. Consolidated*,
    2000 WL 284222, (S.D.N.Y. 2000) .......................................................................................7

*GCG Intern., Inc. v. Eberhardt*, No. 05 Civ. 2422,
    2005 WL 2647942 (S.D.N.Y. Oct. 17, 2005)...........................................................................4

iii

*Girl Scouts of U.S. v. Steir*, 102 Fed.Appx. 217, 2004 WL 1406307 (2d Cir. 2004).....................10

*Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)..................... 24

*Hammer v. Trendl*, No. 02 Civ. 2462, 2003 WL 21466686, (E.D.N.Y. 2003) .............................14

*Hanson v. Denckla*, 357 U.S. 235 (1958)................................................................................9, 18

*Hearst Corp. v. Goldberger*, 1997 WL 97097, (S.D.N.Y. 1997)....................................................7

*Helicopteros Nacionales de Columbia, S.S. v. Hall*, 466 U.S. 408 (1984) .......................21, 22, 23

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55 (2d Cir.1985).........................................5, 6

*In re Ski Train Fir in Kaprun, Austria on November 11, 2000*, 230 F.Supp.2d 376
(S.D.N.Y.2002)..................................................................................................................................7

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945).......................................................21

*ISI Brands, Inc., v. KCC International, Inc.*, 458 F.Supp.2d 81 (E.D.N.Y. 2006)........3, 13, 14, 15

*Kahn Lucas Lancaster, Inc. v. Lark Int'l Ltd.*, 956 F. Supp. 1131 (S.D.N.Y.1997) .....................10

*Knight-McConnell v. Cummins*, No. 03 Civ. 5035, 2005 WL 1398590,
2005 U.S. Dist. LEXIS 11577  (S.D.N.Y. June 13, 2005) .......................................................11

*Landoil v. Alexander & Alexander Services, Inc.*, 918 F.2d 1039 (2d Cir.1991)............................6

*Lawrence Wisser & Co., Inc. v. Slender You, Inc.*, 695 F.Supp. 1560 (S.D.N.Y.1988) .................9

*Levisohn, Lerner, Berger & Langsam v. Med. Taping Sys., Inc.*, 10 F.Supp.2d 334
(S.D.N.Y.1998)..................................................................................................................................3

*Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560 (2d Cir.1996) ...........................................3, 4

*Molozanov v. Quantum Telecoms. Ltd.*, No. 05 Civ. 5270, 2006 WL 367576, n. 11, 2006 U.S.
Dist. LEXIS 16788 n. 11 (S.D.N.Y. 2006)...................................................................................11

*NFL*, 2000 WL 335566, 2000 U.S. Dist. LEXIS 3929.................................................................15

*Padilla v. Rumsfeld*, 352 F.3d..........................................................................................................10

*PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105 (2d Cir.1997) .........................................................4

*Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502 (2d Cir.1994)..........................................4

*Rosenberg Bros. & Co. v. Curtis Brown Co.*, 260 U.S. 516 (1923)...............................................23

MARSHALL, CONWAY, WRIGHT & BRADLEY  ·  116 JOHN STREET  ·  NEW YORK, N.Y. 10038

*Rescuecom Corp. v. Hyams*, No 04-CV-93,
  2006 U.S. Dist. LEXIS 45282 (N.D.N.Y. 2006) ..................................................................11

*Savage Universal Corp., v. Grazier Constr. Inc.*, 2004 WL 1824102 (S.D.N.Y. 2004)...............13

*Sole Resorts, S.A. de C.V. v. Allure Resorts Management, LLC*, No. 05 Civ. 978,
  2005 WL 2542903 (S.D.N.Y. 2005) ...........................................................................................4

*Student Advantage, Inc. v. Int'l Student Exch. Cards, Inc.*, No. 00 Civ.1971,
  2000 WL 1290585, 2000 U.S. Dist. LEXIS 13138 (S.D.N.Y. 2000) ...........................11, 12, 13

*Telebyte*, 105 F.Supp.2d ...............................................................................................................15

*Tripmasters, Inc. v. Hyatt Int'l Corp.*, 696 F. Supp. 925 (S.D.N.Y. 1998) .....................................4

*Ugalde v. Dyncorp., Inc.*, 2000 WL 217502, 2000 U.S.Dist. LEXIS 1745,
  (S.D.N.Y. 2000)...........................................................................................................................5

*USA v. Clark Enters.*, 138 F.Supp.2d 449 (S.D.N.Y.2000) .........................................................12

*Wiwa v. Royal Dutch Petreloeum Co.*, 226 F.3d 88 (2d Cir.2000) ..........................................5, 24

*Zippo Mfg. Co. v. Zippo Dot Com*, 952 F.Supp. 1119 (W.D.Pa.1997) .........................................11

## STATE CASES

*Allen v. Canadian Gen. Elec. Co.*, 65 A.D.2d 39, 410 N.Y.S.2d 707
  *aff'd for reasons stated* 50 N.Y.2d 935, 431 N.Y.S.2d 526, 409 N.E.2d 998 ...........................16

*Fantis Foods v. Standard Importing Co.*, 49 N.Y.2d 317, 425 N.Y.S.2d 783,
  402 N.E.2d 122............................................................................................................................17

*Fantis Foods, Inc. v. Standard Importing Co.*, 63 A.D.2d 52, 406 N.Y.S.2d 763, ........................18

*Ingraham v. Carroll*,  90 N.Y.2d 592, 687 N.E.2d 1293, 665 N.Y.S.2d 10 (N.Y. 1997) .......16, 19

*Islamic Republic of Iran v. Pahlavi*, 662 N.Y.2d 474, 478 N.Y.S.2d 597 (1984).........................24

*Laufer v. Ostrow*, 55 N.Y.2d 305 (1982).........................................................................................6

*Longines-Wittnauer Watch Co.*, 15 N.Y.2d, 261 N.Y.S.2d..................................................9, 10, 11

*Martinez v. American Std.*, 91 A.D.2d 652, 457 N.Y.S.2d 97...........................................18, 20, 21

*McCormick v. Pennsylvania Cent. R. Co.*, 49 N.Y. 303 (1872) .......................................................5

*McKee Electric Co. v. Rauland-Borg Corp.*, 20 N.Y.2d 377 (1967) ..........................................9, 10

*Murdoch v. Arenson Int'l USA, Inc.*, 554 N.Y.S.2d 887 (App.Div.1990).........................17, 18, 21

v

*Parke-Bernet Galleries, Inc. v. Franklyn*, 26 N.Y.2d 13, 308 N.Y.S.2d 337 (1970)..............9, 16

*Rawstorne v. Maguire*, 265 N.Y. 204 (1934) ..............................................................................5

*Sybron Corp. v. Wetzel*, 46 N.Y.2d 197, 413 N.Y.S.2d 127, 385 N.E.2d 1055 ............................17

*Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 115 N.E. 915 (1917) ...........................................5

## STATE STATUTES

C.P.L.R. § 301 ...................................................................................................................passim

C.P.L.R. § 302 ........................................................................................................1, 9, 16, 17

C.P.L.R. § 302(a)(1) ..........................................................................................................passim

C.P.L.R. § 302(a)(ii) .................................................................................................................18

C.P.L.R. § 302(a)(2) ....................................................................................................14, 15, 16

C.P.L.R. § 302(a)(3) .................................................................................................................16

C.P.L.R. § 302(a)(4) .................................................................................................................20

C.P.L.R. § 302(a)(3)(i) ........................................................................................................16, 17

C.P.L.R. § 302(a)(3)(ii) .......................................................................................................17, 19

## FEDERAL RULES

Fed. R. Civ. P. 12(b)(2) ...........................................................................................................3, 6

Fed. R. Civ. P. 12(b)(2); (2) ..................................................................................................1, 25

Fed. R. Civ. Pro. Rule 12(h)(1) .................................................................................................5

MARSHALL, CONWAY, WRIGHT & BRADLEY  •  116 JOHN STREET  •  NEW YORK, N.Y. 10038

Defendant Squaw Valley Academy ("Squaw Valley"), respectfully submits this memorandum of law in support of its motion to dismiss the Complaint for (1) lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2); (2) alternatively, under the Doctrine of Forum Non Conveniens, and (3) for such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

The Plaintiff, School of Visual Arts, Inc., commenced this action by service of a Summons and Complaint on or about June 2, 2009. *See,* Summons and Complaint annexed to the Declaration of Amy S. Weissman, Esq., ("Weissman Dec."), as Exhibit "1".[1]

The Plaintiff's Complaint, as discussed below, must be dismissed since this Court lacks personal jurisdiction over Squaw Valley. There is no basis for "general jurisdiction" over this defendant because it was not "doing business" in New York. To establish general jurisdiction over Squaw Valley pursuant to N.Y.C.P.L.R. § 301, the Plaintiff must demonstrate that Squaw Valley was present in New York "not occasionally or casually, but with a fair measure of permanence and continuity." Plaintiff cannot satisfy this burden.

Nor can this Court exercise "specific jurisdiction" over Squaw Valley. The alleged infringement, giving rise to this suit against Squaw Valley took place in Olympic Valley, California. *See,* Weissman Dec. Ex. 1 and Ex. 3. It is well settled that N.Y.C.P.L.R. § 302, New York's "long-arm" jurisdiction statute, is inapplicable to claims alleging personal injuries sustained by a New York resident from an injury occurring out of state. Accordingly, no forum-related activity by Squaw Valley gives rise to Plaintiff's alleged claims for relief. Moreover, asserting personal jurisdiction over Squaw Valley would violate due process.

---

[1] All references to the Exhibits are annexed to the A. Weissman Declaration and will be referred to throughout as See Exhibit 1, 2 or 3.

1

Moreover, even if the Court were to find that Squaw Valley is subject to personal jurisdiction in New York, it should nevertheless dismiss the Complaint on the ground of *forum non conveniens*.

## FACTUAL BACKGROUND

The facts pertinent to this motion are set forth in the Affidavit of Donald Rees, filed herewith. *See,* A. Weissman Dec., Ex. 3. Squaw Valley's Affidavit, sworn to on August 4, 2009 by Donald Rees, Head Master and Founder, confirms Squaw Valley's lack of business and presence in New York State, in addition to the significant inconvenience which will befall defendant in having to litigate this action in New York. This Court is respectfully referred to the Rees Affidavit for a full recitation of the supporting facts. *See,* A. Weissman Dec. Ex. 3.

2

## ARGUMENT

### POINT I

#### THE STANDARD FOR A MOTION TO DISMISS

A party may move for judgment dismissing a complaint on the ground that the court lacks personal jurisdiction over the person pursuant to Fed. R. Civ. P. 12(b)(2). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is "inherently a matter requiring the resolution of factual issues outside of the pleadings." *ISI Brands, Inc., v. KCC International, Inc.,* 458 F.Supp.2d 81, 83 (E.D.N.Y. 2006). As a result, "all pertinent documentation submitted by the parties may be considered in deciding the motion." *Id.* The facts, therefore, "are drawn from the complaint, affidavits, and documentary exhibits submitted by the [parties], and are construed in the light most favorable to the plaintiff." *Id.* (citing *CutCo Industries, Inc., v. Naughton,* 806 F.2d 361, 65 (2d Cir. 1986)).

### POINT II

#### THE NEW YORK FEDERAL COURT CANNOT EXERCISE PERSONAL JURISDICTION OVER DEFENDANT, SQUAW VALLEY

##### A.    Plaintiff Has Failed to Establish that this Court has Personal Jurisdiction Over Squaw Valley

On a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. Pro. 12(b)(2), "the plaintiff bears the burden of showing that the court has jurisdiction over the defendants" by a preponderance of the evidence. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 566 (2d Cir.1996) At the pleading stage, the plaintiff must make a *prima facie* showing of personal jurisdiction-*i.e.,* "an averment of facts, that if credited ... would suffice to establish jurisdiction over the defendant." *Levisohn, Lerner, Berger & Langsam v. Med. Taping Sys., Inc.,* 10

3

F.Supp.2d 334, 339 (S.D.N.Y.1998), *quoting Metro. Life Ins. Co.,* 84 F.3d at 567); *See GCG Intern., Inc. v. Eberhardt,* No. 05 Civ. 2422, 2005 WL 2647942 (S.D.N.Y. Oct. 17, 2005); *DiBella v. Hopkins,* 187 F. Supp.2d 192, 198 (S.D.N.Y.2002); *Tripmasters, Inc. v. Hyatt Int'l Corp.,* 696 F. Supp. 925, 930 (S.D.N.Y. 1998). Such a showing must be made by alleging facts, not simply conclusions.[2] *Sole Resorts, S.A. de C.V. v. Allure Resorts Management, LLC,* No. 05 Civ. 978, 2005 WL 2542903, at 1 (S.D.N.Y. 2005), *quoting Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 (2d Cir.1994) (internal citations omitted).

The law of the jurisdiction in which the Federal District Court sits determines personal jurisdiction over non-resident defendants. *PDK Labs, Inc. v. Friedlander,* 103 F.3d 1105, 1108 (2d Cir.1997). For this Court to have personal jurisdiction over Squaw Valley, New York law must provide a basis for exercising personal jurisdiction and such jurisdiction cannot offend federal standards of due process. *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 784 (2d Cir.1999); *Banker v. Esperanza Health Systems, Ltd.,* No. 05 Civ. 4115, 2005 WL 3077513, at 4 (S.D.N.Y. 2005).

---

[2] Here plaintiff's complaint fails to make a *prima facie* showing of personal jurisdiction over Squaw Valley. In fact, plaintiff's complaint alleges boiler plate assertions that "on information and belief, (i) it does business generally in New York and in this district and/or (ii) committed a tortuous act in and/or outside of New York and (a) regularly solicits and accepts New York Students to attend its school, (b) regularly advertises and markets its services in New York via its interactive website and otherwise and/or (c) should have reasonably forseen that its trademark infringement and other tortious conduct would have consequences in New York and derives substantial revenue from interstate commerce." *See,* Ex. 1 ¶9. Clearly, as demonstrated below as well as in the affidavit of Donald Rees, Head Master and Founder of Squaw Valley Academy, these assertions are completely incorrect and thus, this Court lacks personal jurisdiction over Squaw Valley.

4

New York law provides certain means of gaining personal jurisdiction over non-consenting,[3] non-domiciliary[4] defendants who were not served with process while physically present in the forum state, such as the individual defendant in the case at bar.

**B.      New York lacks General Jurisdiction over Squaw Valley Under C.P.L.R. §
301 Since Squaw Valley was not "Doing Business" in New York.**

Section 301 confers jurisdiction over a non-domiciliary defendant "on causes of action wholly unrelated to acts done in New York," when the defendant is "engaged in such a continuous and systematic course of "doing business" [in New York] as to warrant a finding of its "presence" in the jurisdiction." *Ball v. Metallurgie Hoboken-Overpelt, S.A.,* 902 F.2d at 198 (2d Cir. 1990); *Wiwa v. Royal Dutch Petreloeum Co.,* 226 F.3d 88, 95 (2d Cir.2000); Aqua Products, Inc. v. Smartpool, Inc. 2005 WL 1994013 (S.D.N.Y. 2005).

Section 301 permits the exercise of general jurisdiction over a non-domiciliary who is present within the state. A corporation is "doing business" and is therefore "present" in New York and subject to personal jurisdiction with respect to any cause of action, related or unrelated to the New York contacts, if it does business in New York "not occasionally or casually, but with a fair measure of permanence and continuity." *See, Ugalde v. Dyncorp., Inc.,* 2000 WL 217502, 2000 U.S.Dist. LEXIS 1745, (S.D.N.Y. 2000) (quoting *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 58 (2d Cir.1985)) (quoting *Tauza v. Susquehanna Coal Co.,* 220 N.Y. 259, 267, 115 N.E. 915, 917 (1917)).

---

[3] "Where the court has jurisdiction of the subject-matter of an action, consent will confer jurisdiction of the person...." *McCormick v. Pennsylvania Cent. R. Co.,* 49 N.Y. 303, 303 (1872). The defendant has neither expressly nor impliedly consented to *in personam* jurisdiction, nor has it waived its right to contest such jurisdiction pursuant to Fed. R. Civ. Pro. Rule 12(h)(1).

[4] "The courts of the state can obtain jurisdiction of the persons of those who are domiciled within the state...." *Rawstorne v. Maguire,* 265 N.Y. 204, 207 (1934). Squaw Valley is a domiciliary--of the State of California.. (*See* Ex. 3).

Courts examine a number of factors when determining whether a corporation is "doing business" in New York and thus subject to personal jurisdiction. These factors include: 1) whether the corporation has an office in New York; 2) whether the corporation has solicited business in New York; 3) whether the corporation has bank accounts or property in New York; and 4) whether the corporation has employees in New York. *See Hoffritz*, 763 F.2d at 58.

It is well settled that the solicitation of business alone, without more, by an out-of-state defendant is insufficient to find a corporate presence within the state. *See Landoil v. Alexander & Alexander Services, Inc.*, 918 F.2d 1039, 1043 (2d Cir.1991) (quoting *Laufer v. Ostrow*, 55 N.Y.2d 305, 309-10 (1982)). However, if "solicitation is substantial and continuous, and defendant engages in other activities of substance in the state, then personal jurisdiction may properly be found." *Id.* This "solicitation-plus" rule means that "once solicitation is found in any substantial degree very little more is necessary to a conclusion of 'doing business.' " *Id.* (quoting *Aquascutum of London, Inc. v. S.S. American Champion*, 426 F.2d 205, 211 (2d Cir.1970)). Since determining whether a defendant established continuous and systematic contacts with the state of New York is a fact-sensitive inquiry, courts must balance all relevant factual circumstances to justify the exercise of general jurisdiction. *Landoil*, 918 F.2d at 1044; Aqua Products, Inc. v. Smartpool, Inc. *supra*.

For instance, in *Aqua Products, Inc., supra,* the plaintiff, a manufacturer and seller of a variety of robotic pool cleaners, commenced suit against a direct competitor, Smartpool, Inc., asserting trademark infringement and related state law claims. Defendant, Smartpool Inc., a Delaware Corporation with its principal place of business in New Jersey, moved to dismiss the plaintiff's complaint for lack of personal jurisdiction and improper venue pursuant to the Federal

6

Rules of Civil Procedure 12(b)(2) and 12(b)(3). In granting defendant's motion, the Court noted that "consideration of the traditional set of indicia which courts look to in determining whether a defendant is "doing business," demonstrates that defendant Smartpool Inc.'s contact with New York does not support the exercise of general jurisdiction." *Id.* The Court reasoned that Smartpool Inc. neither owned property nor maintained an office in New York. In addition, Smartpool Inc. did not possess a New York telephone number and did not have employees located in the state. Plaintiff argued that Smartpool Inc. used its website to promote and advertise its products to potential customers, including those in New York, and that this therefore constituted solicitation of sales. However, it is well established that such action, without more, is insufficient to confer general jurisdiction over a defendant. *See In re Ski Train Fir in Kaprun, Austria on November 11, 2000,* 230 F.Supp.2d 376, 383 (S.D.N.Y.2002)("the fact that a foreign corporation has a website accessible in New York is insufficient to confer jurisdiction under CPLR § 301."); *Drucker Cornell v. Assicurazioni Generali S.p.A. Consolidated,* 2000 WL 284222, (S.D.N.Y. 2000) (holding that a firm is not doing business in New York simply because New York citizens can contact the firm via the worldwide web); *Hearst Corp. v. Goldberger,* 1997 WL 97097, (S.D.N.Y. 1997)(holding that because defendant's only contacts with New York, namely the maintenance of an internet website, was insufficient to support the exercise of specific jurisdiction, those contacts could not satisfy the higher standard of "doing business")[5].

Even where a defendant has demonstrated greater contacts with the forum state, courts have declined to exercise general jurisdiction. For example, in *Aquascutum of London, Inc., v. S.S. American Champion,* 426 F.2d 205 (2d Cir. 1970), the Second Circuit held that a foreign

---

[5] It should be noted that the Court found no basis to confer jurisdiction under the "solicitation-plus" rule because same requires that a defendant's marketing activities must be coupled with other "activities of substance." *Aqua Products, Inc., supra*

7

shipping company, that did not maintain an office in New York, but contracted for delivery of a substantial volume of goods to New York, and whose employees visited New York "every few months" to solicit business was insufficient to satisfy the "doing business" standard under CPLR § 301.

Likewise here, Squaw Valley does not have a New York office, nor has it ever. *See,* Weissman Dec. Ex. 3 ¶8. In fact, Squaw Valley is not licensed or authorized to do business in New York; does not rent, lease, sublease, or otherwise occupy any office or office space in New York; nor does Squaw Valley maintain a telephone listing it New York, any manufacturing facilities; sales facility, fundraising facility, or other place of business in the State of New York. *See,* Ex. 3, ¶¶ 10, 12, 13, 14. Moreover, Squaw Valley has never had nor do they have at this time any bank accounts in New York, property in New York, and/or employees who reside in New York. *See,* Ex. 3, ¶¶5, 6, 11, 21.

Lastly, Squaw Valley does not solicit business in New York. Like in *Aqua Products, Inc., supra,* Squaw Valley does maintain a website that can be accessed internationally. *See,* Ex. 3, ¶¶ 15, 16, and 18. However, as demonstrated above, Squaw Valley has never conducted business in the State of New York, does not advertise in New York, and has never maintained a telephone listing in the State of New York. *See,* Ex. 3. Although Squaw Valley's website can be accessed by individuals in New York, same is of no consequence. In this regard, Squaw Valley has only had one student, from New York, attend the preparatory school in its 31 years of existence. *See,* Ex. 3, ¶ 23. In fact, although Squaw Valley promotes itself to students from all over the United States and throughout the world via the internet, its promotional effort is limited solely to the internet and does not involve any trips to New York to enlist students. *Id.* at 18. Based upon the

8

foregoing, it cannot be held that Squaw Valley was "doing business" in New York. Accordingly, this Court lacks general jurisdiction over the named defendant.

### C. New York's Long-arm Jurisdiction Statute does Not Provide a Basis for Establishing Personal Jurisdiction over Squaw Valley

A defendant who is not "doing business" within the context of CPLR § 301 may still be sued in New York based on their transaction of business within the state. *See,* C.P.L.R. § 302.

### a. N.Y.C.P.L.R. § 302(a)(1) is Inapplicable.

In order to establish personal jurisdiction under N.Y. C.P.L.R. 302(a)(1), Plaintiff must allege that the individual defendants "transact[ed] ... business within the state [,]" provided that the cause of action arises from such transaction. N.Y. C.P.L.R. § 302(a)(1) (McKinney 2005). For purposes of section 302(a)(1), a non-domiciliary "transacts business" when he "purposefully avails [himself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws." *McKee Electric Co. v. Rauland-Borg Corp.,* 20 N.Y.2d 377, 382 (1967), (quoting *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)).

"[W]hat counts is not the quantity of contacts with New York, but rather the nature and quality of the contacts." *Lawrence Wisser & Co., Inc. v. Slender You, Inc.,* 695 F.Supp. 1560, 1563 (S.D.N.Y.1988). This inquiry focuses on whether the defendant "'engaged in some purposeful activity [here] ... in connection with the matter in suit.'" *Parke-Bernet Galleries, Inc. v. Franklyn,* 26 N.Y.2d 13, 16, 308 N.Y.S.2d 337, 340 (1970) *quoting, Longines-Wittnauer Watch Co.,* 15 N.Y.2d at 457, 261 N.Y.S.2d at 18-19. N.Y. C.P.L.R. 302(a)(1) requires purposeful activities within New York and a "substantial nexus between the transaction of

9

business and the cause of action sued upon." *Kahn Lucas Lancaster, Inc. v. Lark Int'l Ltd.,* 956 F. Supp. 1131, 1134 (S.D.N.Y.1997). Failure to satisfy either requirement mandates dismissal of the claim for lack of jurisdiction.

In *Girl Scouts of U.S. v. Steir,* 102 Fed.Appx. 217, 2004 WL 1406307 (2d Cir. 2004), A Girl Scouts organization, which was a New York corporation brought an action against the alleged infringers who were New Hampshire residents. The Girl Scouts contended that the Steirs transacted business in New York (1) by maintaining a website that (a) advocated their position in their New Hampshire discrimination lawsuit against Girl Scouts and (b) urged visitors to send a form letter to Girl Scouts in New York and to boycott Girl Scout cookies, and (2) by conducting litigation-related activities in New York. The Court in dismissing the lawsuit for lack of personal jurisdiction stated as follows:

> "a nondomiciliary "transacts business" in New York under § 302(a)(1) only when he purposefully avails himself of the privilege of conducting activities within New York, thus invoking the benefits and protections of the state's laws. *See CutCo Indus., Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986); *McKee Elec. Co. v. Rauland-Borg Corp.,* 20 N.Y.2d 377, 382, 283 N.Y.S.2d 34, 37-38, 229 N.E.2d 604 (1967). That is not this case. The Steirs' website is directed at the entire United States in an effort both to garner support for their New Hampshire lawsuit and to effect a national change in Girl Scouts' policies toward disabled members. The Steirs have manifested no intent specifically to target New York supporters or to avail themselves of the particular benefits of New York law. Although the actions promoted by the Steirs may reach New York residents or the Girl Scouts at their New York headquarters, the Steirs themselves have not engaged in any ""purposeful activity' " in New York in connection with their allegedly infringing website. *Padilla v. Rumsfeld,* 352 F.3d at 709 (quoting *Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.,* 15 N.Y.2d 443, 457, 261 N.Y.S.2d 8, 18, 209 N.E.2d 68 (1965)).

10

Moreover, in order to determine the existence of personal jurisdiction in internet cases, courts inquire as to whether the "defendant maintains an interactive website which permits the exchange of information between users in another state and the defendant, which depending on the level and nature of the exchange may be a basis for jurisdiction." *Id.* (citing *Am. Homecare Fed. Inc. v. Paragon Scientific Corp.,* 27 F.Supp.2d 109, 113 (D.Conn.1998); *Zippo Mfg. Co. v. Zippo Dot Com,* 952 F.Supp. 1119, 1124 (W.D.Pa.1997)). The courts have recognized the existence of passive websites which make information available, as well as active websites which allow consumers to exchange information and actually do business through the internet. *Student Advantage, Inc. v. Int'l Student Exch. Cards, Inc.,* No. 00 Civ.1971, 2000 WL 1290585, 2000 U.S. Dist. LEXIS 13138, at 10-11 (S.D.N.Y. 2000).

Internet websites that are not of a commercial nature and do not permit the purchase of products on-line are not sufficient to confer personal jurisdiction pursuant to section 302(a)(1). *Rescuecom Corp. v. Hyams,* No 04-CV-93, 2006 U.S. Dist. LEXIS 45282, at 16-17 (N.D.N.Y. 2006) (the Court determined that the website did not confer personal jurisdiction because it was not of a commercial nature and it did not offer products for sale); *Molozanov v. Quantum Telecomms. Ltd.,* No. 05 Civ. 5270, 2006 WL 367576, 5, n. 11, 2006 U.S. Dist. LEXIS 16788, at 19 n. 11 (S.D.N.Y. 2006) ("Although in some instances a defendant's contacts with New York via the internet can provide a basis for jurisdiction under CPLR § 302(a)(1) ... this would not hold true here, as this case involves at most the publishing of a statement on a passive website"); *Knight-McConnell v. Cummins,* No. 03 Civ. 5035, 2005 WL 1398590, 2005 U.S. Dist. LEXIS 11577 at 10 (S.D.N.Y. June 13, 2005) (finding no transaction of business in New York based on online postings of statements about a New York resident on an out-of-state website).

11

Websites that are of a commercial nature and permit consumers to place orders and e-mail questions, can confer personal jurisdiction pursuant to section 302(a)(1). *Citigroup,* 97 F.Supp.2d at 565 (the website at issue permitted customers in New York to apply for loans on-line, converse on-line with representatives and e-mail questions); *Hsin Ten Enter. USA v. Clark Enters.,* 138 F.Supp.2d 449, 456 (S.D.N.Y.2000) (website allows consumers to purchase product, e-mail company representatives and download order form); *Student Advantage,* 2000 WL 1290585, 2000 U.S. Dist. LEXIS 13138, at 12 (finding transaction of business in New York where out-of-state website permitted New York viewer to purchase products by providing payment and shipping information online).

However, in these commercial website cases, the Court's inquiry regarding the existence of personal jurisdiction went beyond the website at issue. For example, although the Court, in *Citigroup,* noted that the internet activity was sufficient to confer personal jurisdiction, the Court determined that the defendant's activities were not solely limited to the internet; the Court found that the defendant had directly solicited New York clients through the mail and hired New York companies to record mortgages. *Citigroup,* 97 F.Supp.2d at 565.

Similarly, in *Hsin,* the Court determined that, in addition to an interactive website, "defendants have affiliates who reside in New York, have representatives who have appeared in trade shows in New York, and have sold several Exercise Machines to New York residents. These acts rise to the level of transacting business under § 302(a)(1)." 138 F.Supp.2d at 456.

In *Student Advantage,* in addition to the existence of an interactive website, the Court also relied on the fact that: (1) the defendant's agents in New York had procured contracts with New York merchants, (2) the defendant had entered into such contracts with 176 New York

12

merchants, and (3) the defendant actively recruited students in New York. 2000 WL 1290585, 2000 U.S. Dist. LEXIS 13138, at 12; ISI Brands, Inc. v. KCC Intern, Inc. 458 F.Supp.2d 81 (E.D.N.Y.2006).

Unlike the above cases, in *ISI Brands, Inc., v. KCC International, Inc., supra,* the plaintiff commenced suit against the defendant, a nutrition company, seeking injunctive relief and monetary damages for alleged trademark infringement, false designation of origin, dilution, unfair competition and deceptive trade practices in connection with the marketing of vitamins, minerals, dietary supplements, nutrition bars and drinks. The defendant moved to dismiss for lack of personal jurisdiction and the Court dismissed the case. Within *Isi Brands, Inc., supra.,* the plaintiff alleged that the defendant was selling products nationally through an interactive website. However, the plaintiff did not allege any other connections to New York. Specifically, the court noted that "plaintiff failed to allege that defendant purposefully solicited New York customers; made mailings to New York Residents; entered contracts in New York; or that its website was in any way targeted towards New York." *Id.* Accordingly, the Court held that "while some courts have held that a highly interactive website may give rise to personal jurisdiction where otherwise there would have been none... in all such cases, unlike here, the plaintiff first established some further contact with the forum state." *Id.*

The Court further reasoned that "even the existence of an interactive 'patently commercial' website that can be accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction unless some degree of commercial activity occurred in New York. *Id; See also, Savage Universal Corp., v. Grazier Constr. Inc.,* 2004 WL 1824102 (S.D.N.Y. 2004). It stretches the meaning of 'transacting business' to subject defendants to

13

personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in that state, without some evidence or allegation that commercial activity in that state actually occurred." *ISI Brands, Inc. v. KCC Intern., Inc.* 458 F.Supp.2d at 88; *see also, Hammer v. Trendl,* No. 02 Civ. 2462, 2003 WL 21466686, (E.D.N.Y. 2003).

In the case at bar, Squaw Valley does not maintain an active website. Rather, it maintains a promotional internet website wherein prospective students are permitted to download and upload applications. *See,* Ex. 3 par. 18, 19. However, unlike the cases cited above, Squaw Valley does not solicit New York Students; does not advertise in New York; has never entered into contracts involving the State of New York; does not maintain a New York telephone number; is not authorized or licensed to do business in the State of New York; nor was its website specifically targeted to New York. *Id.* To reiterate, only one student in the school's 31 year history has ever enrolled from New York State. *See,* Ex. 3. Based upon the foregoing, this Court lacks jurisdiction over Squaw Valley under C.P.L.R. § 302(a)(1).

### b.    N.Y.C.P.L.R. § 302(a)(2) Is Inapplicable.

In order to establish personal jurisdiction under N.Y. C.P.L.R. 302(a)(2), Plaintiff must allege that Defendant Squaw Valley "commit[ed] a tortuous act within the state", provided that the individual defendants were physically present in New York when the tort was committed. N.Y. C.P.L.R. § 302 (a)(2) (McKinney 2005). *See, e.g., Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 789-90 (2d Cir.1999) ("At minimum, to qualify for jurisdiction under [C.P.L.R. § 302(a)(2)], 'a defendant's act or omission [must have] occur[red]

14

within the state.' ... In *Bensusan,* the Second Circuit held that a defendant's physical presence in New York is a prerequisite to jurisdiction under § 302(a)(2)."); *Bensusan Rest. Corp. v. King,* 126 F.3d 25, 28-29 (2d Cir.1997); *Carlson v. Cuevas,* 932 F. Supp. 76, 80 (S.D.N.Y.1996) ("To subject non-residents to New York jurisdiction under § 302(a)(2), the defendant must commit the tort while he or she is physically in New York state.").

Moreover, the existence of a website outside New York, even one that offers a product for sale, cannot alone confer jurisdiction over the defendant under CPLR § 302(a)(2). *See, Bensusan,* 126 F.3d at 29; *Telebyte,* 105 F.Supp.2d at 134; *Citigroup,* 97 F.Supp.2d 549. "Although it is in the very nature of the Internet that the allegedly infringing marks contained in these websites can be viewed anywhere, this does not mean that the infringement occurred everywhere." *Citigroup,* 97 F.Supp.2d 549. Courts have held that, when websites display infringing marks, the tort is committed where the website is created and/or maintained. *See id.;* \*90 *NFL,* 2000 WL 335566, 2000 U.S. Dist. LEXIS 3929; *Am. Network, Inc. v. Access America/Connect Atlanta, Inc.,* 975 F.Supp. 494, 497 (S.D.N.Y.1997); *ISI Brands, Inc. v. KCC Intern., Inc.* 458 F.Supp.2d 81, 89 - 90 (E.D.N.Y. 2006).

Here, Squaw Valley is a private College-Preparatory International Boarding School formed and existing pursuant to the laws of the State of California with its principal and sole place of business at 235 Squaw Valley Road, Olympic Valley, California. *See,* Ex. 3 par. 8. Moreover, Squaw Valley's website was created in Olympic Valley California by Mr. Rees in 1997. *See,* Ex. 3 ¶16. Squaw Valley's website is maintained solely by Squaw Valley in California while its servers for the website are hosted by Great Basin Internet Service in Reno, Nevada. *Id.* at ¶¶ 16, 17. Since Squaw Valley is clearly a corporation located solely in

15

California and its website is based only in California, if a tort was committed, which is denied herein, same was committed in California and/or Nevada, but certainly not in New York. Accordingly, this Court lacks jurisdiction over the named defendant under CPLR 302(a)(2).

### c.    N.Y.C.P.L.R. § 302(a)(3)

Subdivision (a)(3)(i) requires the party seeking to obtain jurisdiction to demonstrate that the tortfeasor "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, *in the state* " (CPLR 302[a][3][i] [emphasis supplied]). By this provision, the Legislature limited CPLR 302(a)(3)(i) jurisdiction to extend only to those "who have sufficient contacts with this state so that it is not unfair to require them to answer in this state for injuries they cause here by acts done elsewhere" (12th Ann Report of N.Y. Jud. Conf., at 343). Thus, CPLR 302(a)(3)(i) necessitates some ongoing activity *within New York State* ( *see, id.* [stating that "a regular course of conduct *in the state* is required" (emphasis supplied) ]; *see also, Allen v. Canadian Gen. Elec. Co.,* 65 A.D.2d 39, 40, 410 N.Y.S.2d 707 [analyzing CPLR 302(a)(3)(i) in terms of activity conducted within New York State], *aff'd for reasons stated* 50 N.Y.2d 935, 431 N.Y.S.2d 526, 409 N.E.2d 998). Although clause (i) does not require the quantity of New York contacts that is necessary to obtain general jurisdiction under the "doing business" test of CPLR 301 ( *see, id.,* at 343, n.; *see also,* Siegel, N.Y. Prac. § 88, at 136 [2d ed] ), it does require something more than the "one shot" single business transaction described in CPLR 302(a)(1) (12th Ann. Report of N.Y. Jud. Conf., at 343); Ingraham v. Carroll, 90 N.Y.2d 592, 597, 687 N.E.2d 1293, 1295, 665 N.Y.S.2d 10, 12 (N.Y. 1997).

16

To determine whether the defendant satisfies the requirements of Section 302(a)(3)(i), some courts have looked at the percentage of total business that a given defendant does in New York. *See, e.g., Chunky Corp. v. Blumenthal Bros. Chocolate Co.,* 299 F.Supp. 110, 115 (S.D.N.Y.1969) (denying jurisdiction under 302(a)(3)(i) upon demonstration that plaintiff made 4% of its sales in New York, but noting that practice commentaries suggest that "if a firm derived 10% of its revenue from New York it would be subject to personal jurisdiction under this subsection"); *Murdoch v. Arenson Int'l USA, Inc.,* 554 N.Y.S.2d 887, 889 (App.Div.1990), (holding that 0.5% of total sales to New York customers, amounting to $9000, was insufficient to uphold jurisdiction under Section 302(a)(3)(i)).

Here, not to belabor the point, but Squaw Valley has had only one student from New York attend its program since its inception in 1978. *See,* Ex. 3 ¶23. Clearly, this is insufficient to uphold jurisdiction under Section 302 (a)(3)(i).

CPLR 302(a)(3)(ii) requires the satisfaction of two prongs. To establish jurisdiction, a plaintiff must demonstrate that the nonresident tortfeasor: (1) "expects or should reasonably expect the act to have consequences in the state"; *and* (2) "derives substantial revenue from interstate or international commerce" (CPLR 302[a][3][ii] ). The first prong is intended to ensure some link between a defendant and New York State to make it reasonable to require a defendant to come to New York to answer for tortious conduct committed elsewhere. The nonresident tortfeasor must expect, or have reason to expect, that his or her tortious activity in another State will have direct consequences in New York ( *see, Fantis Foods v. Standard Importing Co.,* 49 N.Y.2d 317, 326, 425 N.Y.S.2d 783, 402 N.E.2d 122; *Sybron Corp. v. Wetzel,* 46 N.Y.2d 197,

17

206, 413 N.Y.S.2d 127, 385 N.E.2d 1055; *cf., Martinez v. American Std.,* 91 A.D.2d 652, 653, 457 N.Y.S.2d 97, *aff'd for reasons stated* 60 N.Y.2d 873, 470 N.Y.S.2d 367, 458 N.E.2d 826).

The circumstances presented in this record do not support a finding that Squaw Valley could reasonably have expected that its conduct would "have consequences in this state". *See,* CPLR § 302(a)(ii). On this issue, the courts have adopted an "objective" test of forseeability, pursuant to which it must be established that a reasonably prudent non-domiciliary should have expected the tortious act to have such consequences in New York. *See Fantis Foods, Inc. v. Standard Importing Co.,* 63 A.D.2d 52, 406 N.Y.S.2d 763, *rev'd on other grounds,* 49 N.Y.2d 317, 425 N.Y.S.2d 783, 402 N.E.2d 122. The mere likelihood that a product will find its way into the forum state is insufficient. *Asahi Metal Ind. v. Superior Court of California, Solano County,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92.

The foreseeability requirement also requires a showing that the defendant has some "purposeful affiliation" with the forum state. *Martinez v. American Standard,* 91 A.D.2d 652, 653, 457 N.Y.S.2d 97, *aff'd,* 60 N.Y.2d 873, 470 N.Y.S.2d 367, 458 N.E.2d 826. In short, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the Forum State, thus invoking the benefits and protection of its laws". *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283; *Murdock v. Arenson Intern. USA, Inc.* 157 A.D.2d 110, 114, 554 N.Y.S.2d 887, 889 (1st Dep't 1990).

In the instant matter, Squaw Valley has no contact with the State of New York. In fact, in the school's 31 years of existence, only one student has ever attended the school from New York. *See,* Ex. 3, ¶23. Moreover, as clearly indicated above, Squaw Valley does not advertise in New York, does not travel to New York to enlist students, does not maintain any real or leased

18

property in New York, has no bank accounts in New York, and is not licensed or authorized to do business in the State of New York. *See,* Ex. 3. Moreover, as demonstrated above, Squaw Valley's website is not targeted at New York. Based upon the foregoing, it is clear that Squaw Valley has no "purposeful affiliation" with the State of New York. *Martinez v. American Standard, supra.* Based upon the foregoing, it is not even necessary to evaluate the applicability of the next prong.

Notwithstanding, the second prong of 302(a)(3)(ii) requires that the defendant "derives substantial revenue from interstate or international commerce." Unlike clause (i), the "interstate commerce" prong of clause (ii) requires no direct contact with New York State (*see,* Siegel, *op. cit.,* at 136). It is the first prong of clause (ii) (the expectation of New York consequences) that ensures that the defendant has some direct contact with New York State. The substantial interstate commerce revenue component, on the other hand, narrows the long-arm reach to preclude the exercise of jurisdiction over nondomiciliaries who might cause direct, foreseeable injury within the State but "whose business operations are of a local character" (12th Ann. Report of N.Y. Jud. Conf., at 342-343 [describing the interstate commerce prong of CPLR 302(a)(3)(ii) as requiring a showing that defendant "was engaged in *extensive* business activities on an interstate or international level" (emphasis supplied) ]; *see also,* Siegel, *op. cit.,* at 136 [describing CPLR 302(a)(3)(ii) as a "bigness requirement" designed to assure that the defendant is "economically big enough" to defend suit in New York]; *Ingraham v. Carroll* 90 N.Y.2d 592, 598-599, 687 N.E.2d 1293, 129, 665 N.Y.S.2d 10, 13 (N.Y. 1997).

Here, Squaw Valley does derive revenue from international commerce. However, same is wholly irrelevant since as demonstrated above Squaw Valley has no "purposeful affiliation"

19

with the State of New York as demonstrated above. *Martinez v. American Standard,* 91 A.D.2d 652, 653, 457 N.Y.S.2d 97, *aff'd,* 60 N.Y.2d 873, 470 N.Y.S.2d 367, 458 N.E.2d 826.

    **d.**    **N.Y.C.P.L.R. § 302(a)(4)**

    CPLR § 302(a)(4) provides for personal jurisdiction in New York over one who "owns, uses or possesses any real property situated in the state." *See, Audiovisual Publishers, Inc. v. Manor Care, Inc.* 2006 WL 3511345 (W.D.N.Y. 2006). Absent a showing that it does, N.Y. CPLR § 302(a)(4) does not provide a basis for this Court to assert jurisdiction over Squaw Valley. *See, Donini Intern., S.p.A. v. Satec, LLC,* 2004 WL 1574645 (S.D.N.Y. 2004). Here, Squaw Valley has never owned, leased, subleased, occupied, etc., any property in the State of New York. Clearly, Squaw Valley cannot be subjected to jurisdiction under section 302 (a)(4).

## POINT III

## SQUAW VALLEY LACKS SUFFICIENT MINIMUM CONTACTS TO SUPPORT THE EXERCISE OF PERSONAL JURSIDICTION PURSUANT TO THE DUE PROCESS CLAUSE

    Even if the language of New York's long-arm statute could be construed to reach Squaw Valley – which it cannot – this Court cannot exercise long-arm jurisdiction over this defendant because to do so would violate due process.

    In order for a state to exercise long-arm jurisdiction over a nonresident defendant, the exercise of that jurisdiction must comport with the due process clause of the United States Constitution. Long-arm jurisdiction cannot be exercised against a foreign defendant unless: (1) that defendant has "minimum contacts" with the forum state; and (2) the exercise of personal jurisdiction over that defendant does not "offend traditional notions of fair play and substantial justice." *Asahi Metal Industry Co., Ltd. v. Superior Court of California,* 480 U.S. 102, 108-09,

20

113 (1987); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Murdock*, 157 A.D.2d at 113, 554 N.Y.S.2d at 888; *Martinez v. American Standard*, 91 A.D.2d 652, 654, 457 N.Y.S.2d 97, 98 (2d Dept. 1982).

In order for a defendant to have the necessary minimum contacts with the forum state, the minimum contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Asahi*, 480 U.S. at 109 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). A plaintiff can meet this burden in one of two ways: by establishing either specific or general jurisdiction over a defendant. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d Cir. 2002).

Specific jurisdiction is determined by first asking if the claim arises out of or relates to defendant's contacts with the state, and then showing defendant purposefully availed itself of the privilege of doing business in the forum so that defendant could reasonably foresee being hailed into the forum's courts. *Bank Brussels Lambert*, 305 F.3d at 127. There is no basis for the Court to exercise specific jurisdiction over Squaw Valley because there is no evidence that this litigation arises out of any contacts with New York.

Nor is the Court authorized to exercise general jurisdiction over Squaw Valley in this action because it has not maintained "continuous and systematic" contacts with New York. A state may assert "general jurisdiction," i.e., jurisdiction irrespective of whether the claim arises from or relates to the defendant's forum contacts–only where these contacts are "continuous and systematic." *Helicopteros Nacionales de Columbia, S.S. v. Hall*, 466 U.S. 408, 415-16 (1984).

21

Here, Plaintiff cannot establish that Squaw Valley had "continuous and systematic" contacts with New York sufficient to support general jurisdiction. As demonstrated throughout this entire motion, Squaw Valley had essentially no contact with the State of New York. *See,* Ex. 3.

When compared to the leading U.S. Supreme Court case addressing the quantity and quality of contacts necessary for general jurisdiction, it is patently clear that Squaw Valley has no contacts with New York. In *Helicopteros Nacionales de Columbia, S.S. v. Hall*, a helicopter accident occurred in Peru that killed American citizens. The relatives of those citizens sued the foreign defendant, Helicopteros, in Texas state court. With respect to whether there was general personal jurisdiction, the Court found that Helicopteros had never been authorized to do business in Texas, never had an agent for service of process in Texas, never solicited business in Texas, never had any employee based in Texas, never owned any real property in Texas, never maintained an office in Texas, did not maintain any records in Texas, and did not have any shareholders in Texas. *Helicopteros*, 466 U.S. at 411-12.

Helicopteros, however, did have numerous contacts with Texas. For seven years, Helicopteros purchased helicopters, spare parts and accessories from Bell Helicopters in Texas, representing 80% of its helicopter fleet and equipment, costing in excess of $4 million; Helicopteros sent prospective pilots to Texas training; and management and maintenance personnel of Helicopteros visited Bell in Texas. *Id.* at 411.

Notwithstanding Helicopteros' multiple contacts with Texas, the Court held that they did not constitute the kind of "continuous and systematic" contacts necessary to satisfy general

22

jurisdiction. *Id.* at 417. "[P]urchases and related trips, standing alone, are not a sufficient basis for a State's assertion of jurisdiction." *Id.*

In holding, the Supreme Court relied on *Rosenberg Bros. & Co. v. Curtis Brown Co.*, 260 U.S. 516 (1923). The defendant in *Rosenberg* was a small retailer in Tulsa, Okla., who dealt in men's clothing and furnishings. It never had an established place of business in New York and never regularly carried on business in that State. Its only connection with New York, like Ray-Art, was that it purchased from New York wholesalers a portion of the merchandise sold in its Tulsa store. These purchases were sometimes made by correspondence and sometimes through visits to New York by an officer of the defendant. The Court concluded: "Visits on such business, even if occurring at regular intervals, would not warrant the inference that the corporation was present within the jurisdiction of [New York]." *Id.* at 518. Relying on *Rosenberg*, the U.S. Supreme Court in *Helicopteros* concluded that the activities in Texas did not subject the defendant to general personal jurisdiction in that state.

At all times relevant to this litigation, Squaw Valley did not have contact with New York and thus, to permit plaintiff to commence suit against Squaw Valley in the State of New York would violate due process.

## POINT IV

## ALTERNATIVELY, THE COMPLAINT SHOULD BE DISMISSED UNDER THE DOCTRINE OF FORUM NON CONVENIENS

Even if this Court finds that Squaw Valley is subject to personal jurisdiction in New York, it should nevertheless dismiss the Complaint on the grounds of *forum non conveniens*. To dismiss an action when it "finds that in the interest of substantial justice the action should be

23

heard in another forum... ." *Islamic Republic of Iran v. Pahlavi,* 662 N.Y.2d 474, 478 N.Y.S.2d 597 (1984). The doctrine of *forum non conveniens* is discretionary, and it "permits a court to stay or dismiss such actions where it is determined that the action, although jurisdictionally sound, would be better adjudicated elsewhere." *Islamic Republic of Iran v. Pahlavi,* 662 N.Y.2d 474, 478 N.Y.S.2d 597 (1984).

"[T]he doctrine of forum non conveniens contemplates the dismissal of lawsuits brought by plaintiffs in their favored forum in favor of adjudication in a foreign court." *Wiwa v. Royal Dutch Petroleum Co.,* 226 F.3d 88, 101 (2d Cir.2000). The Court of Appeals for the Second Circuit has established a three-step framework for resolving a motion to dismiss based on forum non conveniens that involves: (1) determining the degree of deference to be afforded to the plaintiff's choice of forum; (2) examining whether an adequate alternative forum exists; and (3) balancing the private and public factors enumerated by the Supreme Court in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

Here, all the relevant factors weigh heavily in favor of finding that New York is an inconvenient forum with no substantial nexus to this action. First, the named defendant, Squaw Valley, any potential witnesses, and any potential evidence would be located in Olympic Valley California - not New York. *See,* Ex. 3. Second, it would be tremendously difficult and costly for Squaw Valley to participate in discovery and a trial in New York and meet/correspond with their attorneys in New York. *See,* A. Weissman Dec. Ex. 3 ¶26. Third, the California courts are available to plaintiff as an alternate forum in which it may seek redress. Forth, the alleged infringement on which this Complaint is based occurred outside of New York.   Finally,

24

acceptance of jurisdiction of this suit, which has no significant connection with New York, would only increase the Court's already heavy caseload. *Id.* at ¶¶ 26, 27.

In short, this Court should not be burdened with adjudicating a trademark infringement action that allegedly occurred in California. Accordingly, the Complaint should be dismiss under the doctrine of *forum non conveniens*.

## CONCLUSION

For all of the foregoing reasons, Defendant Squaw Valley respectfully request that this Court grant its motion to dismiss the Complaint for (1) lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2); (2) alternatively, under the doctrine of Forum Non Conveniens, and (3) for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      August 5, 2009

                    Yours, etc.

                    MARSHALL, CONWAY, WRIGHT & BRADLEY, P.C.

                    By:  _____
                            Amy S. Weissman (AW-8644)
                            *Attorneys for Defendant*
                            Squaw Valley Academy, Inc.
                            116 John Street
                            New York, New York 10038
                            Tel.: (212) 619-4444
                            Fax: (212) 962-2647

TO:

Morrison Cohen LLP
909 Third Avenue, 27th Floor
New York, NY 10022
(212) 735-8600

25

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                    ss.:
COUNTY OF NEW YORK)

      **FRANCES DIBARTOLOMEO**, being duly sworn, deposes and says:

      That deponent is over the age of 18 years, is not a party to this action and resides in Staten Island, New York.

      That on the 5th day of August, 2009, deponent served the within Motion to Dismiss and all supporting documents **on:**

Morrison Cohen LLP
909 Third Avenue, 27th Floor
New York, NY 10022
(212) 735-8600

the attorneys in the within action at the address(es) indicated above; the addresses designated by said attorneys for that purpose, by depositing true copies of same enclosed in postpaid properly addressed wrappers, in an official depository under the exclusive care and custody of the U.S. Post Office Department within the State of New York and also by Electrical filing.

Sworn to before me this
 5th  day of  August, 2009

_____
Notary Public

**MARY ELLEN SOHO**
Commissioner of Deeds
City of New York - No. 5-1491
Certificate Filed in Richmond County
Commission Expires April 28, 2011

_____
FRANCES DIBARTOLOMEO