UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SCHOOL OF VISUAL ARTS, INC.

                Plaintiff,

    - against-

SQUAW VALLEY ACADEMY

                Defendant.

-------------------------------------------------------------------X

**DECLARATION OF
AMY S. WEISSMAN**

Civil Action No. 09-CV-5074
(GBD)
DOCUMENT
ELECTRONICALLY FILED

[Filed Concurrently with Notice
of Motion and Memorandum of
Law in support of Defendant's,
Squaw Valley, Motion to
Dismiss]

    **AMY S. WEISSMAN**, declares that the following is true and correct:

1. I am a member of the firm Marshall, Conway, Wright & Bradley, P.C., counsel to Defendant Squaw Valley Academy, Inc. ("Squaw Valley"), in the above-captioned action. As such, I am fully familiar with the facts and circumstances in this matter based upon my review of the file material maintained by this firm.

2. This declaration and annexed exhibits are respectfully submitted in support of the instant motion to dismiss the Complaint against Squaw Valley.

3. Attached hereto as Exhibit 1 is a copy of the Plaintiff's Summons and Complaint served on the defendant.

4. Attached hereto as Exhibit 2 is a copy of this Firm's Acknowledgement of Service of the Plaintiff's Summons and Complaint.

5. Attached hereto as Exhibit 3 is a copy of the Affidavit of Donald Rees.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 5, 2009.

Amy S. Weissman

# EXHIBIT 1

JS 44C/SDNY
REV. 1/2008

CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| SCHOOL OF VISUAL ARTS, INC. | SQUAW VALLEY ACADEMY |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Morrison Cohen LLP, 909 Third Ave, New York, NY 10022 | |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15 U.S.C. 1114 (Trademark Infringement), 15 U.S.C. 1125 (Unfair Competition of Federal Trademark)

Has this or a similar case been previously filed in SDNY at any time? No? ☑ Yes? ☐    Judge Previously Assigned MAY 2 9 2009

If yes, was this case Vol.☐ invol. ☐ Dismissed. No ☐ Yes ☐ If yes, give date _____ & Case No.

*(PLACE AN [x] IN ONE BOX ONLY)*    NATURE OF SUIT

| CONTRACT | TORTS | | ACTIONS UNDER STATUTES | |
|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL. VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
[ ] 610 AGRICULTURE
[ ] 620 OTHER FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**IMMIGRATION**
[ ] 462 NATURALIZATION APPLICATION
[ ] 463 HABEAS CORPUS-ALIEN DETAINEE
[ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[☒] 840 TRADEMARK

**SOCIAL SECURITY**
[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

Check if demanded in complaint:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____ OTHER_____

Check YES only if demanded in complaint
JURY DEMAND: ☑ YES ☐ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE _____ DOCKET NUMBER_____

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

*(PLACE AN x IN ONE BOX ONLY)*                                    **ORIGIN**

☑ 1 Original Proceeding ☐ 2a. Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from (Specify District) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judge Judgment

☐ 2b. Removed from State Court AND at least one party is pro se.

*(PLACE AN x IN ONE BOX ONLY)*                    **BASIS OF JURISDICTION**

☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☑ 3 FEDERAL QUESTION (U.S. NOT A PARTY)  ☐ 4 DIVERSITY

**IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1322, 1441)**

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF DEF |  | PTF DEF |  | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | ☒1 [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 ☒2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 [ ]4 | FOREIGN NATION | [ ]6 [ ]6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

SCHOOL OF VISUAL ARTS, INC.
209 E. 23rd Street
New York, NY 10010
(New York County)

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

SQUAW VALLEY ACADEMY
235 Squaw Valley Rd
Olympic Valley, CA 96146
(California)

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:  THIS ACTION SHOULD BE ASSIGNED TO:  ☐ WHITE PLAINS  ☑ MANHATTAN
(DO NOT check either box if this a PRISONER PETITION.)

DATE _____  SIGNATURE OF ATTORNEY OF RECORD  ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
RECEIPT # _____  [✓] YES (DATE ADMITTED Mo. *June* Yr. *1985*)
Attorney Bar Code # _____

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ MAG. KATZ _____ is so Designated.

J. Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

ORIGINAL

AO 440 (Rev. 02/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| School of Visual Arts, Inc. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. |
| Squaw Valley Academy | ) |
| _Defendant_ | ) |

09 CV 5074

JUDGE DANIELS

SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_    Squaw Valley Academy
235 Squaw Valley Road
Olympic Valley, CA 96146

c/o Michael E. Graham (Agent for Service of Process)
10343 High Street Suite One
Truckee, CA 96161

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Fred H. Perkins, Esq.
Morrison Cohen LLP
909 Third Avenue
New York, NY 10022
(212) 735-8600

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

J. MICHAEL McMAHON

CLERK OF COURT

Date:    MAY 29 2009

_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 02/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:



AO 440 (Rev. 02/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| | |
|---|---|
| School of Visual Arts, Inc. | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| v. | )  Civil Action No. |
| | ) |
| Squaw Valley Academy | ) |
| | ) |
| *Defendant* | ) |

09 CV 5074

JUDGE DANIELS

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Squaw Valley Academy
235 Squaw Valley Road
Olympic Valley, CA 96146

c/o Michael E. Graham (Agent for Service of Process)
10343 High Street Suite One
Truckee, CA 96161

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Fred H. Perkins, Esq.
Morrison Cohen LLP
909 Third Avenue
New York, NY 10022
(212) 735-8600

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.   J. MICHAEL McMAHON

CLERK OF COURT

Date:   MAY 2 0 2009

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 02/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:



Fred H. Perkins (FP-8240)
Alvin Lin (AL-1536)
MORRISON COHEN LLP
909 Third Avenue
New York, NY 10022
(212) 735-8600
fhperkins@morrisoncohen.com
alin@morrisoncohen.com

*Attorneys for Plaintiff*
*School of Visual Arts, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                           :
SCHOOL OF VISUAL ARTS, INC.                                :
                                                           :        Civil Action No.
                                Plaintiff,                 :
                                                           :
                -against-                                  :        **COMPLAINT**
                                                           :
SQUAW VALLEY ACADEMY,                                      :        **JURY TRIAL DEMANDED**
                                                           :
                                Defendant.                 :
------------------------------------------------------------X

        Plaintiff School of Visual Arts, Inc., by its attorneys, Morrison Cohen LLP, for its

Complaint herein against Defendant Squaw Valley Academy alleges as follows:

                                    **PARTIES**

        1.      Plaintiff School of Visual Arts Inc. ("SVA") is a New York corporation having its

principal place of business at 209 East 23rd Street, New York, New York 10010. SVA is a fully

accredited educational institution that offers undergraduate and graduate degrees, pre-college

programs for high school students and summer programs for children from kindergarten through

middle school.

2.    SVA owns and uses in commerce in connection with its educational services, among other trademarks, the following trademarks: "SVA" (Reg. No. 2,270,803) (the "SVA Mark") and "SVA SCHOOL OF VISUAL ARTS" and logo (Reg. No. 2,331,291) (jointly, "the SVA Marks").

3.    Upon information and belief, defendant Squaw Valley Academy ("Squaw Valley") is a California corporation with its principal place of business at 235 Squaw Valley Road, Olympic Valley, California 96146. Squaw Valley is a college-preparatory boarding school for high school and middle school students.

4.    Squaw Valley uses in connection with its educational services a trademark confusingly similar and identical to the SVA Mark, namely "SVA".

## NATURE OF THE ACTION

5.    This action arises from Squaw Valley's unlawful and infringing use of the SVA Mark. SVA brings this action against Squaw Valley for: (i) trademark infringement pursuant to Section 32(1) of the Lanham Act; (ii) cybersquatting pursuant to Section 43(d) of the Lanham Act; (iii) unfair competition by false designation of origin pursuant to Section 43(a) of the Lanham Act; (iv) trademark infringement in violation of N.Y. Gen. Bus. Law § 360-k; (v) trademark dilution in violation of N.Y. Gen. Bus Law § 360-l; (vi) deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349; and (vii) common law unfair competition. Plaintiff seeks injunctive relief, damages and attorneys' fees.

## JURISDICTION AND VENUE

6.    This action arises, inter alia, under § 32 of the Lanham Act, 15 U.S.C. § 1114.

2

#1723237 v3 \013294 \0042

7.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1338(a), 1338(b), 1367 and 15 U.S.C. § 1121(a).  Venue is properly laid in this District under 28 U.S.C. §§ 1391(b) and (c).

8.     The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9.     This Court has personal jurisdiction over Defendant since, on information and belief, (i) it does business generally in New York and in this district and/or (ii) committed a tortious act in and/or outside of New York and (a) regularly solicits and accepts New York students to attend its school, (b) regularly advertises and markets its services in New York via its interactive website and otherwise and/or (c) should have reasonably foreseen that its trademark infringement and other tortious conduct would have consequences in New York and derives substantial revenue from interstate commerce.

**Factual Background**

**A.     SVA's Famous Marks and Renown Educational Institution**

10.     SVA was established in 1947 and was renamed the "School of Visual Arts" in 1956. Since 1956, SVA has used in commerce the SVA Mark and the "SCHOOL OF VISUAL ARTS" mark (which is a federally registered mark, Reg. No. 2,320,656) as service marks in connection with its educational services and to promote and market the school both nationwide and throughout the world. (Copies of the federal registrations for the SVA Marks and for the "SCHOOL OF VISUAL ARTS" mark are attached hereto as Exhibit A).

11.     SVA is not only an internationally recognized art school, it also provides a broad array of undergraduate offerings including:  Advertising and Graphic Design; Computer Art; Film, Video and Animation; Fine Arts; Illustration and Cartooning; Interior Design;

Photography; and Visual and Critical Studies. SVA also offers graduate degree programs in a variety of related disciplines.

12.    In addition, SVA offers to high school students during both the summer and throughout the school year a pre-college program designed to help high school students enhance their creative skills, learn about particular fields related to the arts, and assist them in preparing for college in a variety of ways.

13.    SVA also provides summer art school classes to children ranging from kindergarten to middle school.

14.    SVA and/or certain of its various course offerings are authorized and/or accredited by New York State Board of Regents, Commission on Higher Education of the Middle States Association of Colleges and Schools (an accrediting agency recognized by the U.S. Secretary of Education and the Council on Higher Education Accreditation), the National Association of Schools of Art and Design, American Art Therapy Association, Inc. and New York State Regents Accreditation of Teacher Education.

15.    Since its inception over 60 years ago, SVA has developed into a dynamic, multi-disciplinary educational institution with a faculty of more than 900 professors and instructors, including over 750 of whom are working professionals and/or leaders in their respective fields of expertise.

16.    Many distinguished professional and world-renown celebrities have frequented SVA's halls over the years, including Muhammad Ali, Salvador Dali, Cameron Diaz and David Chapelle.    Since 1988, SVA has annually bestowed honors on leaders in the visual communications field by conferring the SVA Master Series award. Past recipients of this notable

4

SVA award have included such luminaries as Jules Feiffer, Ed McCabe, Milton Glaser, Keith Haring, Paul Davis, Massimo Vignelli and Paul Rand.

17.    SVA's diverse student body, which currently consists of over 3,700 college and graduate students and 600 students in its various pre-college programs, is drawn from 47 states (including California) throughout the country as well as 55 countries throughout the world.

18.    SVA students' work is annually presented to professionals at the top advertising agencies, design firms, and publishing houses. SVA alumni have been employed in many of the top advertising agencies, television stations, publishing houses, film studios, recording companies, design firms, art galleries and major museums throughout the country. SVA alumni have won CLIOs, Emmys, Cannes Lions, countless film festival awards, design awards, NEA and Fulbright Fellowships, among other prestigious professional accomplishments.

19.    SVA has also collaborated with the Tribeca Film Festival in many ways, including co-hosting events celebrating famous filmmakers and presenting special film screenings. Numerous SVA students' works have been featured at Tribeca Film Festival events.

20.    SVA markets and promotes its school in various ways. First and foremost, SVA uses its state of the art and content-rich website to not only market, promote and advertise the school to prospective students, but also as a portal for students to enroll in SVA programs. SVA's website has several domain names that enable access to it from several different website addresses, including primarily: "www.sva.edu" and "www.schoolofvisualarts.edu."

21.    SVA's website receives on average approximately 4,000 unique visitors per day. Among the metatags SVA employs to assist the public utilizing internet search engines to locate SVA on the world wide web are terms using the SVA Marks, such as "SVA" and "SVA school."

5

22.    The domain name of "www.sva.edu" was registered by SVA on January 17, 1992. SVA's website has featured content accessible on the internet to promote SVA since at least 1996.

23.    In addition, SVA markets and advertises its school and educational services through a broad variety of media, including: print; internet, radio and mass transportation.

24.    SVA also promotes and markets its school through iTunes, Apple's world-famous product available through the internet, which has available numerous audio and visual digital downloads pertaining to SVA for the general public. All of these downloadable products are searchable simply by entering "SVA" into the iTunes search function.

25.    SVA expends in excess of $1,000,000 annually as part of its marketing, promoting and advertising campaign, including approximately $185,000 to maintain and update its website.

26.    SVA has also received substantial favorable media attention and has been the subject of, or mentioned in, numerous stories and articles on a wide variety of television networks, internet sites and print publications.

27.    During the period of June 2007 through June 2008, there were nearly 1,900 articles published regarding SVA in whole or in part, which stories reached well in excess of 10 million readers nationwide on a monthly basis. These publications referring to SVA were across 43 different states, including 29 separate publications in California alone. These publications included, among many others: *Los Angeles Times, Washington Post, Boston Globe, New York Post, The New York Times, Philadelphia Inquirer.*

28.    Further, during the period of June 2007-June 2008, SVA received favorable coverage on various televisions networks including *NBC, CNN, ABC, PBS, MSNBC* and *NY1*.

29.    The SVA Marks, including particularly "SVA," appear throughout SVA's promotional and marketing materials, brochures, pamphlets, catalogs, educational and admission materials and of course, its website.

30.    As a result of SVA's 62 year history, its illustrious reputation as one of the leading educational institutions in the visual arts fields, its substantial effort to continuously promote and market its school and the SVA Marks and its widespread media coverage, the SVA Marks have acquired well-established secondary meaning. As a result, the SVA Marks, including particularly "SVA," have become synonymous with, and recognized as designating exclusively, the School of Visual Arts, among all other educational institutions.

31.    On information and belief, the SVA Mark was used, well-known and achieved national recognition throughout the country, including California, prior to Squaw Valley's first use of the SVA Mark or registration of Squaw Valley's domain name.

B. Squaw Valley's Infringing Use of "SVA"

32.    Squaw Valley is a college preparatory boarding school for students from grade 6 through all high school grades. Squaw Valley was formed as a legal entity in July 1986. According to its website, located at "www.sva.org," its objective is to "prepare students for the college of their choice by meeting the standards of the University of California system." College preparation is Squaw Valley's "central focus."

33.    Squaw Valley is accredited by the Western Association of Schools and Colleges, with courses approved by University of California, Berkeley.

34.    Squaw Valley asserts that it has a "national presence" and claims to enroll students from all over the country and from at least 18 countries throughout the world.

35.     Squaw Valley charges its students college-like prices for tuition, room and board in excess of $40,000 for a 9 month program.

36.     Squaw Valley offers its students a variety of classes, including studio art, photography, music, computer science, performing arts and creative writing.

37.     Unable to obtain an ".edu" top level domain name featuring "SVA" -- as "www.sva.edu" was acquired by SVA years earlier -- in or about November 1997, Squaw Valley registered the "www.sva.org" domain name.

38.     On information and belief, just like SVA, Squaw Valley drives internet traffic to its website by enabling various internet search engines to locate Squaw Valley's website on the world wide web with the use of metatags such as "SVA" and "SVA school."

39.     Without permission from SVA, the SVA Mark appears in Squaw Valley's domain name, throughout Squaw Valley's website and, on information and belief, in Squaw Valley's printed marketing, promotional and advertising materials.

40.     Squaw Valley's website is an interactive website which enables prospective students to download a student application and submit the application to Squaw Valley electronically.

41.     Squaw Valley's use of the SVA Mark began decades after SVA first used the SVA Mark.

42.     Squaw Valley's educational services compete generally with, and are priced similarly to, SVA's education services.

43.     On information and belief, Squaw Valley was aware of SVA and the SVA Mark prior to Squaw Valley's first use of the SVA Mark and prior to Squaw Valley's registration and use of its domain name, "www.sva.org."

44.    On information and belief, Squaw Valley's use of the SVA Mark in connection with educational services, as part of its domain name and in its metatags for its website, is likely to cause confusion, including initial interest confusion, to prospective students and others by falsely suggesting an affiliation, sponsorship, association or other connection between SVA and Squaw Valley and/or their respective educational services.

45.    On information and belief, Squaw Valley's unauthorized use of the SVA Mark as the essential part of its domain name and in metatags for its website has damaged SVA in numerous ways, including but not limited to:

> (i)    the diversion of prospective students interested in SVA to Squaw Valley's website under the erroneous belief that "www.sva.org" is a site authorized by SVA;

> (ii)    among the negative consequences of such diversion is the effect on prospective students' ultimate decision as to what school to attend being based on the mistaken belief that Squaw Valley may be associated, affiliated or connection with SVA; and

> (iii)    the initial credibility Squaw Valley wrongfully obtains based on the long-established good will, reputation and strength of the SVA Marks.

46.    Shortly after learning of Squaw Valley's unauthorized and infringing use of the SVA Marks, SVA caused its counsel to send a cease and desist letter, dated October 7, 2008, to Squaw Valley, demanding that Squaw Valley stop all use of the SVA Marks, including the confusingly similar domain name, "www.sva.org." When no response to that letter was received, SVA's counsel sent another cease and desist letter dated November 12, 2008.

47.    On December 20, 2008, Squaw Valley's counsel advised SVA's counsel that Squaw Valley would not cease and desist from its use of the SVA Marks.

48.    Thereafter, counsel for SVA and Squaw Valley exchanged further correspondence regarding their respective legal positions and explored possible ways to amicably resolve the

dispute. No resolution was reached and Squaw Valley continues to refuse to cease its infringing use of the SVA Marks.

49.    At least since October 2008, if not for many years before, Squaw Valley was willfully and intentionally infringing the SVA Marks.

50.    SVA does not have an adequate remedy at law.

**FIRST CAUSE OF ACTION**
**FEDERAL TRADEMARK INFRINGEMENT**
**(Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1))**

51.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 50.

52.    SVA owns the federally registered SVA Marks depicted in Exhibit A.

53.    As a consequence of SVA's illustrious reputation as one of the premier visual arts educational institutions, SVA's substantial advertising, marketing and promotional efforts, widespread media coverage, and the high quality of SVA's educational services, among other factors, the SVA Marks have acquired secondary meaning and are well-recognized by the public generally and in the education community in particular as identifying and distinguishing the School of Visual Arts.

54.    Defendant's use of "SVA" and "www.sva.org" are colorable imitations of, and confusingly similar with, the SVA Marks.

55.    Defendant's use of "SVA" and "www.sva.org" in connection with educational services, as its domain name and in its metatags for its website, is likely to cause confusion, including initial interest confusion, to prospective students and others by falsely suggesting an affiliation, sponsorship, association or other connection between SVA and Squaw Valley and/or their respective educational services.

56.    Squaw Valley's use of "SVA" and "www.sva.org" was without SVA's authorization.

57.    Squaw Valley's wrongful exploitation of "SVA" and "www.sva.org" prevents SVA from lawfully controlling use of its mark for educational services and places SVA's valuable good will, built up over 60 years, in Squaw Valley's control, to SVA's detriment.

58.    Squaw Valley's use of "SVA" and "www.sva.org" constitutes infringement of the SVA Marks.

59.    On information and belief, Squaw Valley's actions demonstrate an intentional, willful and/or malicious intent to trade on the good will associated with Plaintiff's federally registered SVA Marks to Plaintiff's irreparable injury.

60.    By reason of the foregoing, Defendant's continuing wrongful use of the "SVA" and "www.sva.org" has caused and unless enjoined, will continue to cause substantial, irreparable injury and damage to SVA in an amount to be determined at trial.

**SECOND CAUSE OF ACTION
FEDERAL CYBERSQUATTING
(15 U.S.C. § 1125(a))**

61.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 60.

62.    On information and belief, Defendant adopted the "www.sva.org" domain name in bad faith and intending to profit thereby by exploiting and harming the goodwill long established by the Plaintiff in the SVA Marks in connection with educational services.

63.    The SVA Marks were distinctive at the time Squaw Valley registered its confusingly similar domain name.

64.    The SVA Marks were famous at the time Squaw Valley registered its domain name which is confusingly similar to, or dilutive of, the SVA Marks.

65.    Defendant has no lawful or legitimate trademark or other intellectual property rights in "SVA," the SVA Marks or the domain name, "www.sva.org."

66.    Defendant's use of its site is for commercial purposes.

67.    Defendant's continued use of "www.sva.org" as its domain name will harm Plaintiff's goodwill in its SVA Marks, tarnish and/or disparage the SVA Marks and will create a likelihood of confusion, including initial interest confusion, as to the source, sponsorship, affiliation, or other endorsement of Defendant's site.

68.    Defendant's registration and use of its domain name constitutes cybersquatting in violation of 15 U.S.C. § 1125(d).

69.    By reason of the foregoing, Defendant's continuing wrongful use of its domain name has caused and, unless enjoined, will continue to cause substantial irreparable injury and damage to SVA in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### FEDERAL UNFAIR COMPETITION
### OF PLAINTIFFS' TRADEMARK
### (15 U.S.C. § 1125(a))

70.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 69.

71.    The SVA Marks are distinctive and have acquired secondary meaning by prospective students and others in the education community, who associate such marks with the School of Visual Arts and its educational services.

72.    Defendant's use of the SVA Mark in connection with its educational services, as part of its domain name and in its metatags for its website is a false designation of origin, false representation and/or false description which is likely to cause confusion, including initial interest confusion, to prospective students and others by falsely suggesting an affiliation,

sponsorship, association or other connection between SVA and Squaw Valley and/or their respective educational services.

73.     Defendant's conduct violates 15 U.S.C. § 1125(a).

74.     By reason of the foregoing, Defendant's continuing wrongful conduct has caused and, unless enjoined, will continue to cause substantial irreparable injury and damages to SVA in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## TRADEMARK INFRINGEMENT
## (N.Y. Gen. Bus. Law § 360-k)

75.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 74.

76.     Defendant's acts as described above constitute trademark infringement under N.Y. Gen. Bus. Law § 360-k.

77.     By reason of the foregoing, Defendants' continuing wrongful conduct has caused, and unless enjoined, will continue to cause substantial irreparable injury and damages to SVA in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## TRADEMARK DILUTION
## (N.Y. Gen. Bus. Law § 360-l)

78.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 77.

79.     The SVA Marks are strong, distinctive and well-known marks.

80.     Defendant's unauthorized use of the SVA Marks in violation of SVA's rights, has caused and, unless enjoined, will continue to cause dilution by blurring and/or dilution by tarnishment of the distinctive quality of the SVA Marks in violation of N.Y. Gen. Bus. Law § 360-l.

81.     On information and belief, Defendant's conduct is willful and in bad faith.

82.     By reason of the foregoing, Defendant has caused and, unless enjoined, will continue to cause substantial irreparable injury and damage to SVA in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### DECEPTIVE TRADE PRACTICES
### (N.Y. Gen. Bus. Law § 349)

83.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 82.

84.     By reasons of the foregoing, Defendant's conduct constitutes deceptive acts and/or practices in the conduct of a business, trade or commerce and/or in the furnishing of a service and is a willful violation of Section 349 of N.Y. Gen. Bus. Law.

85.     Defendant's deceptive practices include deceiving and confusing prospective students and others into falsely believing there is a sponsorship, affiliation, association or connection between SVA and Defendant and/or their respective educational services.

86.     Defendant's deceptive and misleading practice damages the public interest and constitutes a form of deceptive practice that damages consumers in the educational marketplace.

87.     By reason of the forgoing, SVA has been damaged in an amount to be determined at trial and is entitled to an award of reasonable attorneys fees pursuant to N.Y. Gen. Bus. Law § 349(h).

### SEVENTH CAUSE OF ACTION
### COMMON LAW UNFAIR COMPETITION

88.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 87.

89.     Defendant's foregoing conduct constitutes common law unfair competition, as preserved by N.Y. Gen. Bus. Law § 360-o by, among other things, misappropriating SVA's valuable reputation, good will and property interest in the SVA Marks.

90.   By reason of the foregoing, Plaintiff is entitled to damages and injunctive relief against Defendant.

WHEREFORE, Plaintiff demands judgment:

a.   Preliminarily and permanently enjoining Defendant, its officers, agents, servants, parents, subsidiaries, affiliates, employees, attorneys, and representatives and all those in privity or acting in concert with Defendant from, directly or indirectly:

> (1)   Using, promoting, marketing, advertising or displaying anywhere or in any media, including but not limited to on the internet, any trade name, trademark, service mark, domain name, metatag or other indication of source or origin the mark, designation, domain name, metatag or word "SVA" or any other trade name, trademark, service mark, domain name, metatag or other indication of source or origin that is confusingly similar to or constitutes a copy or colorable imitation of Plaintiff's SVA Marks;

> (2)   All damages sustained by Defendant's violation of N.Y. Gen. Bus. Law § 349 and that such amount be trebled pursuant to N.Y. Gen. Bus. Law § 349(h);

> (3)   All damages sustained by Defendant's violation of N.Y. Gen. Bus. Law § 349 and that such amount be trebled pursuant to N.Y. Gen. Bus. Law § 349(h);

> (4)   making or displaying any statement or representation that is likely to lead the public to believe that Defendant's services are in any manner, licensed, sponsored, endorsed, approved, authorized by or associated, affiliated or otherwise connected with Plaintiff;

> (5)   engaging in any activity constituting unfair competition with Plaintiff or constituting an infringement on Plaintiff's SVA Marks;

> (6)   aiding, assisting or abetting in doing any act prohibited by subparagraphs (1) through (3).

b.   Awarding Plaintiff the following:

> (1)   all damages sustained by Defendant's violations of the Lanham Act and that such amount be trebled pursuant to 15 U.S.C. § 1117;

(2)    all damages sustained by Defendant's infringement, unfair competition, cybersquatting and deceptive trade practices concerning Plaintiff's SVA Marks;

(3)    all damages sustained by Defendant's violation of N.Y. Gen. Bus. Law § 349 and that such amount be trebled pursuant to N.Y. Gen. Bus. Law § 349(h);

(4)    all profits wrongfully obtained by Plaintiff by Defendant's above-described wrongful conduct;

(5)    statutory damages as may be awarded under 15 U.S.C. § 1117;

(6)    interest on the foregoing sums; and

(7)    reasonable attorneys' fees, costs and expenses incurred by Plaintiff in connection with the action together with Plaintiff's costs and disbursements as allowable by applicable law including without limitation 15 U.S.C. § 1117 and N.Y. Gen. Bus. Law § 349(h).

c.    Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       May 29, 2009

MORRISON COHEN LLP

By

Fred H. Perkins (FP-8240)
Alvin C. Lin (AL-1536)
909 Third Avenue
New York, New York 10022
(212) 735-8600
Attorneys for Plaintiff

Alkaline ™ Enviro-Tab ™

Mixed-
Sources Containing recycled material

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

**United States Patent and Trademark Office**

Reg. No. 2,270,803

Registered Aug. 17, 1999

## SERVICE MARK
### PRINCIPAL REGISTER

## SVA

SCHOOL OF VISUAL ARTS INC. (NEW YORK CORPORATION)
209 EAST 23RD STREET
NEW YORK, NY 10010

FOR: EDUCATIONAL SERVICES, NAMELY, PROVIDING EDUCATIONAL TRAINING PROGRAMS, COURSES OF INSTRUCTION, SEMINARS, LECTURES AND WORKSHOPS IN THE FIELD OF VISUAL ARTS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 0-0-1956; IN COMMERCE 0-0-1956.

SER. NO. 75-538,370, FILED 8-18-1998.

PATRICIA HORRALL, EXAMINING ATTORNEY

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

United States Patent and Trademark Office

Reg. No. 2,331,291

Registered Mar. 21, 2000

## SERVICE MARK
## PRINCIPAL REGISTER

 S V A  School of VISUAL ARTS

SCHOOL OF VISUAL ARTS INC. (NEW YORK CORPORATION)
209 EAST 23RD STREET
NEW YORK, NY 10010

FOR: EDUCATIONAL SERVICES, NAMELY, PROVIDING EDUCATIONAL TRAINING PROGRAMS, DEGREE PROGRAMS, COURSES OF INSTRUCTION, SEMINARS, LECTURES AND WORKSHOPS IN THE FIELD OF VISUAL ARTS AT THE UNDERGRADUATE, GRADUATE, POST-GRADUATE AND PROFESSIONAL LEVELS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 5-0-1996; IN COMMERCE 5-0-1996.

SEC. 2(F) AS TO "SCHOOL OF VISUAL ARTS".

SER. NO. 75-538,364, FILED 8-18-1998.

PATRICIA HORRALL, EXAMINING ATTORNEY

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

**United States Patent and Trademark Office**

Reg. No. 2,320,656

Registered Feb. 22, 2000

## SERVICE MARK
### PRINCIPAL REGISTER

## SCHOOL OF VISUAL ARTS

SCHOOL OF VISUAL ARTS INC. (NEW YORK CORPORATION)
209 EAST 23RD STREET
NEW YORK, NY 10010

FOR: EDUCATIONAL SERVICES, NAMELY, PROVIDING EDUCATIONAL TRAINING PROGRAMS, DEGREE PROGRAMS, COURSES OF INSTRUCTION, SEMINARS, LECTURES AND WORKSHOPS IN THE FIELD OF VISUAL ARTS AT THE UNDERGRADUATE, GRADUATE, POST-GRADUATE AND PROFESSIONAL LEVELS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 0–0–1956; IN COMMERCE 0–0–1956.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SCHOOL", APART FROM THE MARK AS SHOWN.

SEC. 2(F).

SER. NO. 75–538,365, FILED 8–18–1998.

PATRICIA HORRALL, EXAMINING ATTORNEY

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                   :
SCHOOL OF VISUAL ARTS, INC.                        :
                                                   :   Civil Action No. 09-CV-5074 (GBD)
                              Plaintiff,            :
                                                   :
        -against-                                  :   **ACKNOWLEDGEMENT**
                                                   :   **OF SERVICE**
SQUAW VALLEY ACADEMY,                               :
                                                   :
                              Defendant.            :
-----------------------------------------------------------------------X

Marshall, Conway, Wright & Bradley P.C., as attorneys for Defendant Squaw Valley

Academy, hereby accepts service of the summons and complaint on behalf of Squaw Valley

Academy in the above captioned action on July 6, 2009, and maintains that Squaw Valley

Academy is not subject to personal jurisdiction in the State of New York.

Dated: New York, NY
       July 7, 2009

                              _____
                              MARSHALL, CONWAY, WRIGHT & BRADLEY P.C.
                              Jeffrey A. Marshall (JM-0712)
                              116 John Street, 4th Floor
                              New York, New York 10038
                              (212) 619-4444
                              jmarshall@mcwpc.com
                              *Attorneys for Squaw Valley Academy*
                              *235 Squaw Valley Road*
                              *Olympic Valley, CA 96146*

To:    Morrison Cohen LLP
       909 Third Avenue, 27th Floor
       New York, NY 10022
       (212) 735-8600

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                     :
SCHOOL OF VISUAL ARTS, INC.                          :
                                                     :Civil Action No. 09-CV-5074
                                                     (GBD)
                                  Plaintiff,         :
                                                     :**Affidavit in Support of**
           -against-                                 :**Motion to Dismiss For**
                                                     :**Lack of Personal**
                                                     **Jurisdiction and Forum**
SQUAW VALLEY ACADEMY,                                :**Non Conveniens**
                                                     :
                                  Defendant.         :
--------------------------------------------------------------------X

STATE OF CALIFORNIA      )
                         )ss.:
COUNTY OF PLACER         )

DONALD REES, being duly sworn, deposes and says:

1.   I am the Head Master and Founder of Squaw Valley Academy, Inc., a position
     I have held for the past 31 years. My duties and responsibilities at Squaw
     Valley Academy include overseeing all administrative, financial and academic
     matters at the institution.

2.   I am fully familiar with the facts and circumstances set forth in this Affidavit.

3.   This action was commenced on or about July 7, 2009, when Plaintiff served
     the Summons and Complaint on the law Firm of Marshall, Conway, Wright &
     Bradley, counsel for Squaw Valley Academy, Inc., (hereinafter "Squaw
     Valley").   Marshall Conway Wright & Bradley P.C. had my express
     authorization to accept service of process of the Summons and Complaint in
     this matter.

4.   Squaw Valley Academy, Inc., a C Corporation, is located in California and is wholly owned and operated by Donald Rees.

5.   All staff and faculty assigned to, or working at, Squaw Valley Academy are employees of Squaw Valley Academy, Inc.

6.   Squaw Valley has no employees who have resided in New York during their period of employment with the Academy.

7.   Moreover, no owner and/or faculty member resides in the State of New York.

8.   Defendant Squaw Valley Academy is a private College-Preparatory International Boarding School formed and existing pursuant to the laws of the State of California with its principal and sole place of business at 235 Squaw Valley Road, Olympic Valley, California, 96146.

9.   Squaw Valley Academy is a California 6th-12th grade boarding school and day school founded in 1978. Preparation for college was the primary goal of the school's program at its inception and to date.

10.  Squaw Valley Academy is not licensed or authorized to do business in the State of New York nor has it ever been licensed or authorized to do business in the State of New York.

11.  Squaw Valley Academy does not lease or own any real property in the State of New York nor has it ever leased or owned real property in the State of New York.

12.  Squaw Valley Academy does not rent, lease, sublease, or otherwise occupy any office or office space in the State of New York nor has it ever.

13. Squaw Valley Academy does not maintain any manufacturing facility, sales facility, fundraising facility, or other place of business in the State of New York.

14. Squaw Valley does not maintain a telephone listing in the State of New York nor has it ever maintained a telephone listing in the State of New York.

15. Squaw Valley maintains an internet site with a domain address of www.sva.org.

16. The domain internet address was created in 1997 by myself and my son, Christopher Rees. Since that time, Great Basin Internet Service, located in Reno, Nevada, has hosted and maintained the servers belonging to Squaw Valley Academy.

17. The web site, located at www.sva.org, is maintained by Squaw Valley Academy. In this regard, the Academy is responsible for maintaining, changing, adding, and/or subtracting the words displayed on the webpage, for uploading and/or removing photographs on the web site, etc.

18. Squaw Valley promotes itself to students from all over the United States and throughout the world via the internet. However, this promotional effort is limited solely to the internet and does not involve any trips to New York to enlist students.

19. Students and/or parents are able to download and upload applications via the Squaw Valley internet site.

20. Squaw Valley Academy has no commercial contracts with vendors in New York.

21.  Further, Squaw Valley Academy has no business relationships with investment companies in New York.

22.  Squaw Valley Academy does not advertise on television, on the radio, in the newspapers, etc., in the State of New York.

23.  At the time of the alleged infringement, which is the subject of this litigation and for the years prior to same, only one student from the State of New York has ever attended Squaw Valley Academy.

24.  Squaw Valley Academy does not maintain an address, including a Post Office Box, in the State of New York.

25.  Squaw Valley Academy, any witnesses, and any potential evidence relating to this matter are located in California and/or Reno, Nevada. No evidence, witnesses, and/or potential evidence is located in the State of New York.

26.  It would be difficult, costly, and unduly burdensome for Squaw Valley Academy to participate in discovery and trial in New York and meet with their attorneys in New York.

27.  The California courts are available to plaintiff as an alternate forum in which plaintiff may seek redress.

28.  Acceptance of jurisdiction of this suit, which has no significant connection with New York, would only increase the Court's already heavy caseload.

Donald Rees

Sworn to before me this
—— day of August, 2009

State of California        )
                           ) ss.
County of Nevada           )

Subscribed and sworn to (or affirmed) before me on this 4th day of August 2009, by DONALD REES, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

*C Melleen McCarthy Mcg*

Colleen McCarthy, Notary Public
Commission Number: 1712842
My Commission Expires: January 24, 2011
County/State of Commission:
    Nevada County, California
Manufacturer Number: NNA1
Business telephone: 530.587.1177

INSERT NOTARY STAMP WITHIN MARGINS

COLLEEN McCARTHY
Commission # 1712842
Notary Public - California
Nevada County
My Comm. Expires Jan 24, 2011