UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SCHOOL OF VISUAL ARTS, INC.

                    Civil Action No. 09-CV-5074 (GBD)

              Plaintiff,

      - against-

SQUAW VALLEY ACADEMY

              Defendant.

-----------------------------------------------------------X

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SQUAW VALLEY'S, MOTION TO DISMISS

Amy S. Weissman, Esq. (AS 6944)

MARSHALL, CONWAY, WRIGHT & BRADLEY
A PROFESSIONAL CORPORATION
116 JOHN STREET
NEW YORK, NEW YORK 10038

## TABLE OF CONTENTS

Page

Table of Authorities ...................................................................................................................... ii

I.   Preliminary Statement ........................................................................................................1

II.  Factual Background ...........................................................................................................1

III. New York's long-arm statute does not provide a basis for establishing
     Personal Jurisdiction over Squaw Valley ...........................................................................1

     A. CPLR § 302(a)(1) is wholly inapplicable to Squaw Valley ..........................................1

     B. Squaw Valley did not Commit a Tortious Act Causing Injury in New
        York Pursuant to CPLR § 302(a)(3)(ii) .........................................................................5

IV.  Squaw Valley lacks sufficient minimum contacts to support the exercise of
     Personal Jurisdiction pursuant to the Due Process Clause .................................................7

V.   Plaintiff should not be permitted to conduct Jurisdictional Discovery ..............................9

VI.  Alternatively, the complaint should be dismissed under the doctrine of
     Forum Non Conveniens ......................................................................................................9

VII. Conclusion ........................................................................................................................10

MARSHALL, CONWAY, WRIGHT & BRADLEY   •   116 JOHN STREET   •   NEW YORK, N.Y. 10038

## TABLE OF AUTHORITIES

## FEDERAL CASES

*A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76 (2d Cir.1993) ................................................3

*APWU v. Potter*, 343 F.3d 619 (2d Cir.2003) ............................................................................9

*Best Van Lines, Inc. v. Walker*, 490 F.3d 239 (2d Cir.2007) .....................................................3

*Bensusan Restaurant Corp., v. Kings*, 973 F.Supp. 295 (S.D.N.Y. 1996) ................................6

*Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482 (1984) ..............................................................7

*Citigroup Inc., v. City Holding Co.*, 97 F.Supp.2d 549, (S.D.N.Y. 2000) .................................4

*CutCo Industries, Inc., v. Naughton*, 806 F.2d 361 (2d Cir. 1986) ...........................................2

*Etna Products Co, Inc., v. Dacofa Trading Co., Inc.*, 1992 WL 51507 (S.D.N.Y.) .................4

*Excelsior College v. Frye*, 306 F. Supp.2d 226 (N.D.N.Y. 2004) .............................................4

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55 (2d Cir.1985) ......................................2

*Ivoclar Vivadent, Inc. v. Ultident, Inc.* 2005 WL 1421805 (W.D.N.Y.2005) ...........................7

*Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181 (2d Cir.1998) ...............................................3, 9

*Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236 (2d Cir.1999) .....................................................6

*Kosta v. St. George's University School of Medicine*, 641 F.Supp. 606 (E.D.N.Y. 1986) ......8

*Kronisch v. United States*, 150 F.3d 112 (2d Cir.1998) ............................................................2

*Lawrence Wisser & Co., Inc. v. Slender You, Inc.*, 695 F.Supp. 1560 (S.D.N.Y.1988) ..........1

*Lehigh Valley Indus. v. Birenbaum*, 527 F.2d 87 (2d Cir.1975) ...............................................9

*Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339 (1940) ..............................................................7

*RSM Production Corp. v. Fridman*, 2009 WL 424540 (S.D.N.Y. 2009) ..................................3

*Savage Universal Corp. v. Grazier Constr., Inc.*,
   2004 U.S. Dist. LEXIS 16088 (S.D.N.Y. Aug. 13, 2004) ....................................................5

*Weil v. American University*, 2008 WL 126604, 5 (S.D.N.Y., 2008) ......................................2

*Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196 (2d Cir.2001) ................................................3

MARSHALL, CONWAY, WRIGHT & BRADLEY • 116 JOHN STREET • NEW YORK, N.Y. 10038

## STATE CASES

*McGowan v. Smith,* 52 N.Y.2d 268, 437 N.Y.S.2d 643,
   419 N.E.2d 321 (N.Y.1981) .................................................................................2

*Staten Island Hosp. v. Alliance Brokerage Corp.,*
   166 A.D.2d 574, 560 N.Y.S.2d 859 (2d Dep't 1990)..............................................2

## STATE STATUTES

C.P.L.R. § 301 ...............................................................................................................1

C.P.L.R. § 302 ...............................................................................................................7

C.P.L.R. § 302(a)(1) ............................................................................................. 1, 2, 4, 5

C.P.L.R. § 302(a)(2) ......................................................................................................1

C.P.L.R. § 302(a)(3) ...................................................................................................5, 6

C.P.L.R. § 302(a)(3)(i) ..................................................................................................1

C.P.L.R. § 302(a)(3)(ii) .............................................................................................5, 6

C.P.L.R. § 304(a)(4) ......................................................................................................1

## FEDERAL RULES

Fed. R. Civ. P. 12(b)(2) ........................................................................................1, 3, 10

MARSHALL, CONWAY, WRIGHT & BRADLEY  •  116 JOHN STREET  •  NEW YORK, N.Y. 10038

I.      **Preliminary Statement**

This memorandum is submitted in further support of Defendant, Squaw Valley Academy's ("Squaw Valley"), motion to dismiss for lack of personal jurisdiction pursuant to Fed. R.Civ.P. 12(b)(2) and under the Doctrine of Forum Non Conveniens and in reply to Plaintiff's, The School of Visual Arts ("Plaintiff"), opposition thereto. Plaintiff's failure to address general jurisdiction pursuant to CPLR § 301 and personal jurisdiction under CPLR § 302(a)(2), § 302(a)(3)(i), and § 302(a)(4), demonstrates its concession that jurisdiction is non-existent under such provisions and thus, same will not be discussed herein.

II.     **Factual Background**

The facts pertinent to this motion are set forth in the Affidavit of Donald Rees and Supplemental Affidavit of Donald Rees filed herewith and in conjunction with the underlying motion. *See,* A. Weissman Supp. Dec., Ex. 1 and Original Dec. Ex. 3. This Court is respectfully referred to the Rees Affidavits for a full recitation of the supporting facts.

III.    **New York's long-arm statute does not provide a basis for establishing Personal Jurisdiction over Squaw Valley**

A.      CPLR § 302(a)(1) is wholly inapplicable to Squaw Valley.

In opposition to Squaw Valley's motion to dismiss, Plaintiff argues that New York's long-arm statute only requires proof of one New York transaction in order to establish jurisdiction under CPLR § 302(a)(1). More specifically since Squaw Valley has only had three students from New York attend since its inception[1]; Plaintiff will have this Court believe same is enough to establish personal jurisdiction.[2] In support of this contention, Plaintiff alleges that

---

[1] Pamela Smul, the fourth student from New York, attended the Olympic Valley School, not Squaw Valley.
[2] Whether Squaw Valley had 1 or 3 students attend the Academy during its 31 years of existence is wholly irrelevant as the well settled case law states that "what counts is not the quantity of contacts with New York, but rather the nature and quality of contacts." *Lawrence Wisser & Co., Inc., v. Slender You, Inc.,* 695 F.Supp. 1560, 1563 (S.D.N.Y. 1988).

Squaw Valley would have had e-mail, telephone and regular mail correspondence with these three students, in New York, and their families.

However, and as this Court is aware, it is not enough to allege the single transaction rule. Rather, Plaintiff must demonstrate a "substantial relationship between the transaction and the claim asserted." *See, Hoffritz For Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir.1985). CPLR § 302(a)(1) also requires "the existence of some articulable nexus between the business transacted and the cause of action sued upon." *McGowan v. Smith*, 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643, 419 N.E.2d 321 (N.Y.1981); *see also Kronisch v. United States*, 150 F.3d 112, 130 (2d Cir.1998).

"No single event or contact connecting defendant to the forum state need be demonstrated; rather, the totality of all defendants' contacts with the forum state must indicate that the exercise of jurisdiction would be proper." *CutCo Industries*, 806 F.2d at 365. Thus, for example, "[p]roof of one transaction in New York is sufficient to confer jurisdiction [over a nonresident] as long as the activities of the defendant in question were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Staten Island Hosp. v. Alliance Brokerage Corp.*, 166 A.D.2d 574, 560 N.Y.S.2d 859, 861 (2d Dep't 1990); *Weil v. American University*, 2008 WL 126604, 5 (S.D.N.Y., 2008).

Here, Plaintiff asserts that a nexus exists between the three students and the instant matter as these students would have been exposed to the infringing materials and website. Nevertheless, as demonstrated below such statement is meritless. In fact, all students from New York who attended Squaw Valley were not even aware of the subject mark, i.e., "SVA", when they located the school. There is no nexus between the three students who have attended Squaw Valley and the allegations contained in Plaintiff's complaint. In this regard, Christopher Lockwood, who

2

attended Squaw Valley in 1992, prior to Squaw Valley even maintaining a domain address and website, indicates in his application that he learned about the school from Peterson's Guide to Independent Secondary Schools. *See*, A. Weissman Dec. Ex. 2. Timothy Iorio's mother searched the internet for ski schools in the Pacific Northwest. *See*, Ex. 6. Moreover, Edward Spychalsky who attends the school now searched the internet utilizing the terms freestyle ski academy when searching private high schools in the Lake Tahoe Region. *See*, Ex. 4. Clearly, there is no nexus between the three students and the instant lawsuit.

Moreover, it is well settled that on a motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2), the plaintiff bears the burden of making a *prima facie* showing that jurisdiction exists. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir.2007). A plaintiff can make this showing through affidavits and other supporting materials. *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir.2001). "[A]ll allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor." *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79-80 (2d Cir.1993). Here, plaintiff attaches no supporting affidavits and/or materials, but rather baldly asserts that Squaw Valley likely had additional contacts with prospective students in New York, apart from the three students who actually enrolled.

It is well settled that conclusory allegations lacking factual specificity do not satisfy plaintiff's burden. *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184-85 (2d Cir.1998); *RSM Production Corp. v. Fridman*, 2009 WL 424540 (S.D.N.Y.,2009). Here, it is well established that Squaw Valley does not advertise in New York, maintain no offices in New York, does not solicit students in New York, does not maintain a New York telephone number, nor is it licensed or authorized to conduct business in New York. *See*, Ex. 1. Accordingly, Plaintiff's bald faced

allegations concerning prospective students are nothing more then mere conjecture, speculation, and surmise which do not satisfy plaintiff's burden to defeat the instant motion. *See, Etna Products Co, Inc., v. Dacofa Trading Co., Inc.,* 1992 WL 51507 (S.D.N.Y.), (holding that allegations, conjecture, and speculation are insufficient to establish jurisdiction).

Further, plaintiff attempts to establish that Squaw Valley is subject to Long Arm Jurisdiction based upon its "infringing website." In this regard, counsel cites voluminous case law all relating to the purchase and sale of products through the internet and then asserts that Squaw Valley's use of its interactive website to market and sell its educational services satisfies the requirements of section 302(a)(1). Glaringly absent from plaintiff's papers is any reference and/or definition of an "interactive website." Rather, plaintiff merely asserts that interactive websites permit the information exchange between the defendant and viewers. Not one case cited by plaintiff is analogous to the situation at bar.

Rather, in *Excelsior College v. Frye,* 306 F. Supp.2d 226 (N.D.N.Y. 2004), Excelsior College commenced suit alleging copyright infringement, Lanham Act violations, false advertising, and other causes of action. In lieu of answering, defendants filed motions to dismiss the complaint for lack of personal jurisdiction. In particular, all defendants argued that plaintiff could not satisfy the requirements of New York's Long Arm Statute. Plaintiff, Excelsior alleged that defendants' web site demonstrated that it transacted business in New York. In determining that defendants were subject to long arm jurisdiction, the court noted that the web site in question "provides chat rooms for student communications, a study hall, and on-line training sessions. It permits students to log into their personal account and conduct transactions relating to that account including enrollment, payment of fees, and obtaining course materials." *Id.* at 230. *See also, Citigroup Inc., v. City Holding Co.,* 97 F.Supp.2d 549, (S.D.N.Y. 2000), (finding specific

personal jurisdiction under CPLR § 302(a)(1) where defendants' web sites were interactive, allowing, for example, customers in New York to apply for loans and chat on-line).

Here, by accessing the website of Squaw Valley is entirely clear that since its inception in 1997, students and prospective students are only able to enter the subject domain address to download applications for the school, see photographs of the school and members of the student body, and learn some basic facts about the school. *See*, Ex. 1. At no time, since the inception of the subject website has Squaw Valley maintained a chat room; a study hall; on-line training sessions; allowed students to maintain personal accounts and conduct and/or transact business related to those accounts. *Id.* Moreover, students cannot enroll via the internet[3]; students cannot make any payments to Squaw Valley Academy, Inc., via the internet; nor can students obtain course materials on the subject website. *Id.* Clearly, Squaw Valley's website is not "interactive" and/or commercial to establish personal jurisdiction.

B.  Squaw Valley did not Commit a Tortious Act Causing Injury in New York Pursuant to CPLR § 302(a)(3)(ii)

In opposition to Squaw Valley's motion pursuant to CPLR §302(a)(3)(ii), counsel for plaintiff argues that Squaw Valley committed a tortious act outside the state which caused injury within the state. For purposes of determining jurisdiction under CPLR § 302(a)(3), the alleged injury stemming from infringement on a trademark "in the form of damage to goodwill, lost sales, or lost customers" occurs where the trademark owner resides and conducts business because this is where the " 'first effects' of trademark infringement or dilution are typically felt." *Savage Universal Corp. v. Grazier Constr., Inc.,* 2004 U.S. Dist. LEXIS 16088 (S.D.N.Y. Aug. 13, 2004). At this time, Plaintiff alleges that defendant's use of the "SVA" mark on all of its

---

3 By viewing the Squaw Valley website, located at www.sva.org, it is entirely apparent that students and prospective students are only able to download applications. Students are not permitted to upload applications via the internet. Your affirmant apologizes for the typographical error contained in Mr. Rees' initial affidavit.

published materials, its web domain, and on its website causes injury in New York by confusing prospective students and thus, a tortious act has been committed.

Initially, Plaintiff has failed to demonstrate any alleged confusion, damage, lost sales, or lost customers whatsoever. A review of the three students' files who attended Squaw Valley throughout its history from New York reveals that same did not locate the Academy by utilizing the "SVA" acronym. *See*, Exhibits 2-6.

Moreover, Plaintiff's counsel string cites multiple cases setting forth the standards required by CPLR § 302(a)(3), however, none of the cases are on point with the instant matter. Plaintiff conspicuously fails to mention *Bensusan Restaurant Corp., v. Kings*, 973 F.Supp. 295 (S.D.N.Y. 1996), where Judge Stein held that "the mere fact that a person can gain information on the allegedly infringing product is not the equivalent of a person advertising, promoting, selling or otherwise making an effort to target its product in New York." *Id.* at 299. Here, it is undisputed that Squaw Valley did not advertise, promote, sell or make an effort to target its school in New York. *See*, Ex. 1. Accordingly, Plaintiff's allegations do not reach the level of a tortious act resulting in an injury in New York.

Moreover, Plaintiff cannot meet the requirement of CPLR § 302(a)(3)(ii)-that defendant expected or reasonably should have expected its allegedly tortious actions to have consequences in New York.[4] The test to determine whether this "foreseeability" requirement is met "is an objective rather than subjective one" and is intended to avoid conflicts with due process limits on the exercise of jurisdiction. *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 241 (2d Cir.1999). However, the Second Circuit requires "a discernible effort [by the defendant] to directly or

---

4 Although plaintiff's counsel spends an exurbanite amount of time discussing the revenue derived by Squaw Valley, same is inconsequential since Plaintiff cannot meet the initial prong of CPLR § 302(a)(3)(ii).

6

indirectly serve the New York market", and has held that "the simple likelihood or foreseeability that a defendant's product will find its way into New York" does not satisfy this requirement. *Id.*

Plaintiff alleges that Squaw Valley knew or should have known that its website could have direct consequences in New York and that its commercial activities would result in further contacts with students in New York. This allegation does not support a "discernible effort" by Squaw Valley to directly or indirectly serve the New York market. Without an allegation of a distribution chain linking defendant to the New York market, it is objectively unreasonable to find that defendant intended to serve the New York market. *See, Ivoclar Vivadent, Inc. v. Ultident, Inc.* 2005 WL 1421805 (W.D.N.Y.2005). Thus, Plaintiff cannot establish jurisdiction 302(a)(3)(ii).

### IV.  Squaw Valley lacks sufficient minimum contacts to support the exercise of Personal Jurisdiction pursuant to the Due Process Clause.

Plaintiff's argument that the due process standard is met because personal jurisdiction is established under CPLR § 302 is entirely without merit as demonstrated above.

As fully established in Squaw Valley's underlying motion, the exercise of personal jurisdiction will not offend due process requirements provided the defendant has "certain minimum contacts ... such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Calder v. Jones*, 465 U.S. 783, 788, 104 S.Ct. 1482 (1984) (citing *Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339 (1940).

Plaintiff argues that Squaw Valley's contacts with New York are sufficient to satisfy any due process concerns. In this regard, Plaintiff argues that Squaw Valley's enrollment of 3 students from New York, correspondence with those students and alleged

correspondence/communication with prospective students is enough to establish minimum contacts.[5]

In *Kosta v. St. George's University School of Medicine*, 641 F.Supp. 606 (E.D.N.Y. 1986), a former student of the West Indian medical school commenced suit against the school and its chancellor for violating New York's common law concerning nonacademic suspensions. Defendants' moved to dismiss the entire action for lack of personal jurisdiction and insufficient service of process. The Eastern District held that both the school and its chancellor were subject to jurisdiction under the Due Process clause. In this regard, the school was subject to jurisdiction based upon its contacts with New York, i.e., the school had an agent in New York who handled nearly every element of the school's administrative affairs with respect to North American students, the school conducted classes in New York and housed students in dormitories, and out of the 508 students the school attracted-a majority resided in New York. Likewise, the Chancellor was subjected to jurisdiction under the due process clause because he was the owner/officer of a New York Corporation related to the school, he made several trips a year to New York on behalf of the school, and he would travel to New York to meet his lawyer to discuss the lawsuits involving the school.

Unlike *Kosta, supra*, Squaw Valley has never been licensed or authorized to do business in the State of New York; nor has it ever leased or owned any real property in the State of New York; never maintained a telephone listing in the State of New York; never had any commercial contacts with vendors in the State of New York; never had any relationship with any investment companies in New York; advertised on television, radio, in the newspapers, etc., in New York; nor has it ever maintained an address and/or Post Office Box in the State of New York. *See*, Ex.

---

5 Plaintiff again refers to the revenue derived from students from New York. Given that there were only 3 students in the history of Squaw Valley to attend the school, clearly revenue is a non issue.

1. Clearly, Squaw Valley's alleged contacts with New York are insufficient to establish minimum contacts adequate to meet the due process standard.[6]

## V. Plaintiff should not be permitted to conduct Jurisdictional Discovery

In evaluating jurisdictional motions, district courts enjoy broad discretion in deciding whether to order discovery. *See, APWU v. Potter*, 343 F.3d 619, 627 (2d Cir.2003) (noting a court may "devis[e] the procedures [to] ferret out the facts pertinent to jurisdiction"); *Lehigh Valley Indus. v. Birenbaum*, 527 F.2d 87, 93-94 (2d Cir.1975) (finding no abuse of discretion in denying discovery where the complaint failed to plead sufficient facts to establish jurisdiction). Courts are not obligated to subject a foreign defendant to discovery, however, where the allegations of jurisdictional facts, construed in plaintiffs' favor, fail to state a basis for the exercise of jurisdiction or where discovery would not uncover sufficient facts to sustain jurisdiction. (citing *Jazini*, 148 F.3d at 183-85 (granting motion to dismiss and denying jurisdictional discovery where complaint was described as "sparse" and "conclusory")).

Plaintiff is not entitled to jurisdictional discovery as its Complaint fails to plead specific facts to establish jurisdiction. Plaintiff merely asserts that Squaw Valley was doing business generally in New York, regularly solicits and accepts New York students, regularly advertises and markets its services in New York, etc. *See,* Initial Dec. Ex. 1. As demonstrated above, such allegations are false and baseless. The two affidavits of Donald Rees demonstrate that no further discovery is warranted as plaintiff's allegations are unsubstantiated.

## VI. Alternatively, the complaint should be dismissed under the doctrine of Forum Non Conveniens

---

[6] Again, Plaintiff argues that Squaw Valley's "interactive" website also creates minimum contacts with New York as the trademark infringement, dilution, and unfair competition arise directly out of the "interactive" website and advertising materials. As discussed *supra* no such interactive website exists and no such marketing materials are ever advertised, solicited, etc., in the State of New York.

At the outset, and contrary to Plaintiff's remarks, jurisdiction has not been established and thus, Squaw Valley's motion to dismiss for lack of jurisdiction is relevant. Notwithstanding, should this Court not dismiss the instant action but transfer it to California then Plaintiff correctly states that the United States District Court for the Eastern District of California is the appropriate venue.

With respect to Squaw Valley's forum non conveniens argument, the school stands by all representations made in its underlying motion, i.e., that litigating this matter is New York will cause undue hardship and prejudice on the small private school located in Northern California.

## VII. Conclusion

For all of the foregoing reasons, Defendant Squaw Valley respectfully request that this Court grant its motion to dismiss the Complaint for (1) lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2); (2) alternatively, under the doctrine of Forum Non Conveniens, and (3) for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       October 9, 2009

                           Yours, etc.

                           MARSHALL, CONWAY, WRIGHT & BRADLEY, P.C.

                           By: _____
                           Amy S. Weissman (AW-8644)
                           *Attorneys for Defendant*
                           Squaw Valley Academy, Inc.
                           116 John Street
                           New York, New York 10038
                           Tel.: (212) 619-4444
                           Fax: (212) 962-2647