UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SCHOOL OF VISUAL ARTS, INC.

                Plaintiff,

      -against-

SQUAW VALLEY ACADEMY,

                Defendant.
------------------------------------------------------------------X

Civil Action No. 09-CV-5074 (GBD)

(ECF)

# PLAINTIFF'S SUR-REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, FOR *FORUM NON CONVENIENS*

MORRISON COHEN LLP
Attorneys for Plaintiff School of Visual Arts, Inc.
909 Third Avenue
New York, New York 10022
(212) 735-8600

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii
ADDITIONAL FACTUAL BACKGROUND ........................................................................... 1
ARGUMENT ............................................................................................................................... 2

I    DEFENDANT MISINTERPRETS THE EVIDENCE AND LAW
CONCERNING THIS COURT'S EXERCISE OF PERSONAL
JURISDICTION OVER SQUAW VALLEY ................................................................. 2

    A.    Jurisdiction Lies Under CPLR §302(a)(1) Because
Defendant Has Sufficient Transaction Contacts With New York ......................... 2

    B.    Jurisdiction Lies Under CPLR §302(a)(3)(ii) Because
Defendant Committed A Tortious Act Without New York Causing
Injury Within The State ......................................................................................... 6

    C.    If The Court Is Not Satisfied That Jurisdiction Exists,
It Should Permit Discovery ................................................................................. 10

II    DEFENDANT FAILS TO ESTABLISH ANY OF THE
ELEMENTS OF FORUM NON CONVENIENS TO OUTWEIGH
PLAINTIFF'S CHOICE OF VENUE ........................................................................... 10

CONCLUSION .......................................................................................................................... 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

Agency Rent A Car System v. Grand Rent A Car Corp.,
    98 F.3d 25 (2d Cir. 1996) .................................................................................. 4

Alpha Int'l, Inc. v. T-Reproductions, Inc.,
    No. 02 Civ. 9586 (SAS),
    2003 U.S. Dist. LEXIS 11224 (S.D.N.Y. June 27, 2003) ............................ 4, 5

American Network v. Access America/Connect Atlanta,
    975 F. Supp. 494 (S.D.N.Y. 1997) ................................................................ 7, 8

Ball v. Metallurgie Hoboken-Overpelt, S.A.,
    902 F.2d 194 (2d Cir. 1990) .......................................................................... 10

Bensusan Restaurant Corp. v. King,
    937 F. Supp. 295 (S.D.N.Y. 1996) .................................................................. 7

Citigroup Inc. v. City Holding Co.,
    97 F. Supp. 2d 549, 564 (S.D.N.Y. 2000) ....................................................... 6

Cutco Industrial, Inc. v. Naughton,
    806 F.2d 361 (2d Cir. 1986) ............................................................................ 3

Energy Brands Inc. v. Spiritual Brands, Inc.,
    571 F. Supp. 2d 458, (S.D.N.Y. 2008) ..................................................... 4, 8, 9

Excelsior College v. Frye,
    306 F. Supp. 2d 226 (N.D.N.Y. 2004) ............................................................ 6

Fischbarg v. Doucet,
    9 N.Y.3d 375 (2007) ........................................................................................ 5

Ivoclar Vivadent, Inc. v. Ultident, inc.,
    No. 04-CV-0984(SC),
    2005 WL 1421805 (W.D.N.Y. June 15, 2005) ............................................... 9

Jazini v. Nissan Motor Co.,
    148 F.3d 181 (2d Cir. 1998) .......................................................................... 10

Kernan v. Kurz-Hastings, Inc.,
    175 F.3d 236 (2d Cir. 1999) ......................................................................... 8, 9

Kosta v. St. Georges University School of Medicine,
    641 F. Supp. 606 (E.D.N.Y. 1986) .................................................................. 9

PDK Labs, Inc. v. Proactive Labs, Inc.,
 325 F. Supp. 2d 176, (E.D.N.Y. 2004) ..................................................................8

Pearson Educ., Inc. v. Yi Shi,
 525 F. Supp. 2d 551, (S.D.N.Y. 2007) ..................................................................6

Rubin v. City of New York,
 No. 06 Civ. 6524,
 2007 U.S. Dist. LEXIS 23003 (S.D.N.Y. Mar. 29, 2007) .....................................4

Starmedia Network, Inc. v. Star Media, Inc.,
 No. 00 Civ. 4647 (DLC)
 2001 U.S. Dist. LEXIS 4870 (S.D.N.Y. Apr. 23, 2001) ........................................8

Student Advantage, Inc. v. International Student Exch. Cards, Inc.,
 No. 00 Civ. 1971,
 2000 U.S. Dist. LEXIS 13138 (S.D.N.Y. Sep. 12, 2000) ......................................6

Zippo Manufacturing Co. v. Zippo Dot Com,
 952 F. Supp. 1119 (W.D. Pa. 1997) ..................................................................6, 7

## STATE CASES

Banco Ambrosiano, S.p.A. v. Artoc Bank & Trust, Ltd.,
 62 N.Y.2d 65, 476 N.Y.S.2d 64 (1984) ................................................................9

## RULES / STATUTES

Fed.R.Civ.P. 12(b)(2) ........................................................................................................1

CPLR § 302(a)(1) .........................................................................................................2, 3

CPLR § 302(a)(3) ......................................................................................................6, 7, 8

## MISCELLANEOUS

McCarthy on Trademarks and Unfair Competition § 23:12 (4th ed. 2007) .....................4

Plaintiff School of Visual Arts, Inc. ("SVA"), respectfully submits this sur-reply memorandum of law in further opposition to the motion of Defendant Squaw Valley Academy ("Defendant" or "Squaw Valley") to dismiss the Complaint for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2), or, in the alternative, for *forum non conveniens* (the "Motion"). Also submitted in opposition to the Motion is the Supplemental Declaration of Fred H. Perkins, Esq., dated October 30, 2009, with exhibits annexed thereto ("Perkins Supp. Decl.").

## ADDITIONAL FACTUAL BACKGROUND

Defendant's submissions to this Court have falsely attempted to minimize its contacts with New York in order to undermine a finding of jurisdiction. Defendant originally submitted an affidavit of Donald Rees, the founder and headmaster of Squaw Valley, in which Mr. Rees swore that only one student from New York had ever enrolled in its institution. (Perkins Supp. Decl. ¶ 3). More than six weeks later, Defendant informed Plaintiff that Mr. Rees had, in fact, made false statements in his affidavit, and specifically that he had misrepresented the number of students from New York who had enrolled in Defendant's school.[1] (Id. ¶ 4). On reply, Defendant filed a new affidavit from Mr. Rees purporting to correct the prior misrepresentations, and admitting that not one, but four students from New York had enrolled in Defendant's school. (Id. ¶ 6). While Defendant's communications with one student or prospective student from New York would be sufficient to establish personal jurisdiction over Defendant, the recent admission that at least four New York students have attended Defendant's school clearly bolsters this Court's basis for finding personal jurisdiction over Defendant.

Yet even as Defendant sought to "correct" its prior false statements and provide documents which it felt -- albeit incorrectly -- defeated jurisdiction, Defendant has continued to

---

[1] As Plaintiff had already submitted its opposition based on the Mr. Rees' misrepresentations, the parties stipulated that Plaintiff be permitted to file this sur-reply in order to address Defendant's "modifications" to the record. The Court approved the parties' new briefing schedule. (Perkins Supp. Decl. ¶ 5; Ex. 7).

distort the record evidence in an effort to disguise the propriety of this Court's exercise of personal jurisdiction over it. In that regard, Defendant declines on reply to address specific factual allegations made by Plaintiff -- including allegations pertaining to the likely existence of additional contacts with prospective students from New York and additional communications and contacts with New York regarding its enrollment of the four New York students. Defendant knows that absent discovery (which it has refused to provide), Plaintiff has no access to such information. Defendant also distorts the interactivity of its website by contradicting Mr. Rees' sworn testimony and Defendant's own documents regarding the site's functions. Lastly, Defendant misstates several key points of law, articulating an impossibly narrow standard for jurisdiction that is legally unsupportable. None of these distortions, however, can overcome the inescapable conclusion that personal jurisdiction is proper in this case.

## ARGUMENT

### POINT I

### DEFENDANT MISINTERPRETS THE EVIDENCE AND LAW CONCERNING THIS COURT'S EXERCISE OF PERSONAL JURISDICTION OVER SQUAW VALLEY

**A.  Jurisdiction Lies Under CPLR §302(a)(1) Because Defendant Has Sufficient Transaction Contacts With New York**

On reply, Defendant acknowledges that under Section 302(a)(1), even a single transaction may be sufficient to establish personal jurisdiction. (Def. Mem. at 2). Defendant concedes that Squaw Valley, since adopting the SVA mark registered to Plaintiff (the "SVA Mark"), has had multiple direct contacts with at least four New York enrolling students and their families, consisting of e-mail, telephone and regular mail correspondence.[2] (Def. Mem. at 5-6).

---

[2]  Defendant contends that one student, Ms. Smul, does not count for purposes of determining jurisdiction because she attended the academy prior to its adoption of the SVA name. (Weissman Supp. Decl. Ex. 1 ¶ 11). Ms. Smul's application indicates that she attended the school for the academic year beginning in the fall of 1986. (Id. Ex. 5). According to Defendant's pre-litigation counsel, Defendant renamed its school to Squaw Valley Academy and has been using the SVA Mark since "the early 1980's" -- well before Ms. Smul enrolled. (Perkins Decl. Ex. 3 at 3). Mr. Rees' latest affidavit indicates the school changed its name in 1986. (Weissman Supp. Decl. Ex. 1 ¶ 6).

The documents show that Defendant sent to prospective New York students printed materials (at a minimum, the application forms) which displayed the SVA Mark (Weissman Supp. Decl. Exs. 2, 3, 4), that the school received online information requests from New York directly through its website (Id. Ex. 4), and that the school engaged in further direct contacts with the New York students and their families, including providing additional information, accepting their applications, and enrolling the students. (Id. Exs. 2-4). Defendant uses the SVA mark extensively on its Internet website (Perkins Decl. Ex. 2), which website Defendant itself characterizes as a promotional tool. (Weissman Decl. Ex. 3 ¶18). Defendant also uses the SVA Mark on all of its other marketing materials. (Perkins Decl. Ex. 4 at 2).

These multiple, direct contacts with New York relate directly to Plaintiff's claims of trademark infringement and dilution, which are based on the allegations that Defendant has used the SVA Mark extensively and repeatedly on its printed materials and website in connection with its efforts to market the school and attract students.[3] These New York contacts are sufficient to establish jurisdiction under CPLR § 302(a)(1).

Defendant, however, argues that because "all students from New York who attended Squaw Valley were not even aware of the subject mark, i.e., 'SVA', when they located the school," there is no nexus between these contacts and Plaintiff's claims of trademark infringement and so no personal jurisdiction.[4] (Def. Mem. at 2). Defendant misconstrues the

---

Thus, in either event, Ms. Smul attended the school at a time after Defendant adopted its new name and infringing mark "SVA." Ms. Smul's contacts with the school are therefore relevant to the jurisdictional inquiry.

[3] Defendant cites to Cutco Indus., Inc. v. Naughton, 806 F.2d 361, 366 (2d Cir. 1986), for the proposition that the "totality of all defendant's contacts with the forum state must indicate that the exercise of jurisdiction would be proper." Cutco does not support the absence of jurisdiction, however. In Cutco, the Second Circuit concluded that the plaintiff had established a prima facie case of jurisdiction based on a single visit to the state. Cutco does not support the proposition that the extensive and repeated contacts in connection with at least four students in New York are not sufficient to establish jurisdiction under Section 302(a)(1).

[4] Plaintiff disagrees that contacts with John Lockwood, a New York student who attended Squaw Valley prior to Squaw Valley's adoption of the domain address and website, is not connected to the infringement claim. To the contrary, Defendant was already using the SVA Mark at that time (Perkins Decl. Ex. 3 at 3; Ex. 4 at 2), and

nexus requirement. Plaintiff is not required to demonstrate that the particular New York students were actually confused by Defendant's use of the SVA Mark in order to establish a nexus between the contacts and the claims of trademark infringement.[5] Rather, Plaintiff must establish that Squaw Valley used the mark in connection with its efforts to promote, market and/or sell its services to the New York students. See, e.g., Alpha Int'l, Inc. v. T-Reproductions, Inc., No. 02 Civ. 9586 (SAS), 2003 U.S. Dist. LEXIS 11224, at *8 (S.D.N.Y. June 27, 2003) (substantial relationship between trademark infringement claims and use of website advertisement displaying infringing trademark); Agency Rent A Car Sys. v. Grand Rent A Car Corp., 98 F.3d 25, 31 (2d Cir. 1996) (declaratory judgment claim substantially related to business transactions conducted out of state under licenses from plaintiff issued from New York); Energy Brands Inc. v. Spiritual Brands, Inc., 571 F. Supp. 2d 458, 469-70 (S.D.N.Y. 2008) (Internet sale of product bearing allegedly infringing trade dress); Rubin v. City of New York, No. 06 Civ. 6524, 2007 U.S. Dist. LEXIS 23003, at *2 (S.D.N.Y. Mar. 29, 2007) (Internet sale of allegedly infringing product).

Defendant's undisputed use of the SVA Mark more than establishes this nexus. Squaw Valley used the SVA Mark on its printed materials, and used these materials in its efforts to recruit students. Indeed, Squaw Valley gave directly to students materials which used the SVA Mark. The application forms provided by Squaw Valley repeatedly use the mark. (Weissman Supp. Decl. Exs. 3 & 4). For example, the application form directly asked the prospective students, "How did you hear of SVA?" (Id. Ex. 2 (p.1), Exs. 3 and 4 (p.2)). The two more recent application forms contain multiple other references to "SVA". (Id. Exs. 3 and 4 (p.2)). At least one of the students refers to Squaw Valley in his application as "SVA." (Id. Ex.

---

Plaintiff's claim is not limited solely to Defendant's use of the mark on its website. Mr. Lockwood's contacts are clearly relevant to the jurisdictional issue.

[5] In fact, Plaintiff is not required to prove instances of actual confusion even in connection with its ultimate proof of the trademark claims. In that regard, it is hornbook law that proof of any instances of actual confusion -- let alone with the forum state -- is not required to establish a likelihood of confusion under the Lanham Act. 4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 23:12 (4th ed. 2007).

4 (p.3 ¶ 3)). The record also reflects that one of the parents of a New York student made an online information request through Defendant's website (sva.org). (Id. Ex. 4). Thus, the documentary evidence is more than sufficient to establish a direct connection between Defendant's use of the allegedly infringing SVA Mark and its marketing efforts directed toward New York. See, e.g., Alpha Int'l, Inc., 2003 U.S. Dist. LEXIS 11224, at *8 ("There is a substantial relationship between trademark infringement claims and the use of a website advertisement that displays the allegedly infringing trademark."); Fischbarg v. Doucet, 9 N.Y.3d 375, 382 (2007) (substantial nexus to establish jurisdiction over California defendant for payment of legal fees based on phone and mail contacts to New York attorneys).

The contacts of these four New York students in connection with their application (and acceptance) to Defendant are sufficient to establish jurisdiction. In addition, common sense dictates that Squaw Valley must have had additional direct contacts with these New York students and their parents once they were accepted to the school, including communications concerning registration, course selection and tuition payment. Defendant does not deny these additional communications took place, and in fact does not address them at all on reply despite Plaintiff having raised these issues in its opposition papers. (Perkins Supp. Decl. ¶¶ 8-9). Plaintiff also suggested in its opposition that Defendant likely had contacts with other prospective New York students who ultimately did not apply and/or enroll in the school. Defendant also refuses to respond to these allegations. Defendant is well aware that any evidence concerning the existence of such additional contacts would be in Defendant's exclusive control, and that Defendant has also refused to provide any discovery. (Id. ¶ 8). It is therefore reasonable to infer, based on Defendant's silence, that it is unable to deny the existence of such additional contacts, and that its refusal to produce discovery on these issues is to prevent the Court from learning this additional relevant jurisdictional information.

Squaw Valley also has additional contacts with New York through its interactive website, which repeatedly uses the SVA Mark. (Perkins Decl. Ex. 2). Defendant complains that Plaintiff has failed to cite case law defining an "interactive website"; in fact, Plaintiff cites more than half a dozen on-point authorities specifically discussing the level of interactivity and setting forth that a site is interactive where it facilitates the exchange of information.[6] See, e.g., Student Advantage, Inc. v. International Student Exch. Cards, Inc., No. 00 Civ. 1971, 2000 U.S. Dist. LEXIS 13138, at *7 (S.D.N.Y. Sep. 12, 2000); Pearson Educ., Inc. v. Yi Shi, 525 F. Supp. 2d 551, 556-57 (S.D.N.Y. 2007) (Internet sales); Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 564 (S.D.N.Y. 2000) (on-line loan application process).[7] Defendant admitted in its prior affidavit that the website facilitated the exchange of information because students could use it to "download and upload applications."[8] (Weissman Decl. Ex. 3 ¶ 19).

**B. Jurisdiction Lies Under CPLR §302(a)(3)(ii) Because Defendant Committed A Tortious Act Without New York Causing Injury Within The State**

As set forth in Plaintiff's opposition, personal jurisdiction also lies under CPLR § 302(a)(3)(ii), since Defendant committed a tortious act (trademark infringement) outside the state

---

[6] Indeed, even a website that is not "highly interactive," may, when considered in conjunction with the other direct contacts, be sufficient to establish jurisdiction. Zippo Mfg. Co. v. Zippo Dot Com, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) (discussing intermediate websites).

[7] Defendant distinguishes Excelsior College v. Frye, 306 F. Supp. 2d 226 (N.D.N.Y. 2004), a case in which the Court found sufficient basis for personal jurisdiction based on the school's interactive website. Plaintiff did not actually cite that case in support of a finding of personal jurisdiction based on the website. (See Pl. Opp. at 21). In any event, while the website in Excelsior may have contained different indicia of interactivity, nothing in the opinion would foreclose a finding of personal jurisdiction in this case.

[8] Defendant previously submitted a sworn statement from Mr. Rees that prospective students could "download and upload applications via the Squaw Valley internet site." (Weissman Decl. Ex. 4 ¶ 19). Defendant's reply memorandum now attempts to contradict this sworn statement by deeming the statement to be a "typographical error," although Mr. Rees does not so assert in his revised affidavit. (Def. Mem. at 5 n.3). This suggestion is absurd, as there is no plausible argument that the inclusion of the word "upload" could have been a typo, and having done an additional declaration to correct other misrepresentations, it was incumbent upon Defendant to correct any additional "errors." Moreover, Defendant's belated suggestion that applications cannot in fact be uploaded through the website, is wrong. In fact, the sva.org website permits a user to upload a completed application by sending an email directly to Squaw Valley through multiple links on the site. As the site specifies that applications may be submitted online, it is plain that an application may be appended to an email and thus, effectively, be uploaded. In fact, the first page of Defendant's application form explicitly states: "This application can be completed and submitted online at www.sva.org." (Perkins Decl. Ex. 2).

which it should have reasonably expected to have consequences in New York, and Defendant derives substantial revenues from interstate or international commerce. (Pl. Opp. at 13).

Defendant contends that its use of the SVA Mark is not purposefully directed at New York. Defendant relies particularly on Bensusan Restaurant Corp. v. King, 937 F. Supp. 295 (S.D.N.Y. 1996), in which the Court denied personal jurisdiction under Section 302(a)(3). Bensusan, however, involved the question of "whether the existence of a 'site' on the World Wide Web of the Internet, without anything more, is sufficient to vest this Court with personal jurisdiction over defendant ..." Bensusan Rest., 937 F. Supp. at 297. In Bensusan, there was no evidence of a single sale or other contacts consummated in New York, and so in the absence of such contacts with the forum state, the website was nothing more than an advertisement that was not purposefully directed at New York.

In contrast, here, Defendant's activities are purposefully directed toward New York. Defendant operates an interactive website explicitly stating that it is an "international" boarding school (Perkins Decl. Ex. 2) and that it has accepted and enrolled at least four students from New York. (Weissman Supp. Decl. Ex. 1 ¶ 12). Defendant uses a website and marketing materials to promote the school, and has further contacts with New York through the application, registration, and matriculation of students from New York. These activities sufficiently distinguish the case from Bensusan and establish jurisdiction. See American Network v. Access Am./Connect Atlanta, 975 F. Supp. 494, 498 (S.D.N.Y. 1997) (defendant's statements on website that it was available to customers "across the U.S." and fact it had signed up six New York subscribers demonstrated "tangible manifestations that defendant was attempting to reach a New York market."); Zippo Manufacturing Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1125 (W.D. Pa. 1997) (distinguishing Bensusan and finding jurisdiction where 2 percent of defendant's Internet subscribers were residents). As the Court in American Network explained,

plaintiff's claim that it was harmed in the New York market "because New York computer users, who are among plaintiff's potential customers, have viewed the mark 'America.Net' on their computer screens in New York when visiting defendant's site and have been confused and deceived by that mark" satisfies the claims of harm in CPLR 302(a)(3)(ii).[9] Id. at 497.

Defendant also asserts that it was not foreseeable that Defendant could be hailed into Court in New York.[10] However, Squaw Valley has admitted at least four students from New York to its school. (Weissman Supp. Decl. Ex. 1 ¶ 12). Squaw Valley has enrolled students who, in their applications, indicated that they learned of the school and its programs through the Internet.[11] (Id. Exs. 3, 4). Squaw Valley admits that the purpose of its Internet website is to promote the school, and it is well aware that the site is accessible nationally and internationally, including in New York. (Weissman Decl. Ex. 3 ¶¶ 15, 18; Perkins Decl. Ex. 2). Squaw Valley's enrollment of students from New York, combined with its promotional activities, is sufficient to establish a "discernible effort" by Squaw Valley to serve the New York market. Kernan v. Kurz-Hastings, Inc., 175 F.3d 236 (2d Cir. 1999), which Defendant cites, actually supports rather than refutes this conclusion, since the Second Circuit in that case upheld a finding of foreseeability

---

[9] Defendant does not explicitly dispute that it derives substantial income from its interstate and international activities. Defendant does, however, make the odd and unsupported suggestion that, "[g]iven that there were only 3 students in the history of Squaw Valley to attend the school, clearly revenue ... is a non issue." (Def. Mem. at 8 n.5). As Plaintiff noted in its opposition, at the current tuition and board rates, Defendant could gross in excess of a quarter of a million dollars from a single student (over seven years of enrollment). The contention that hundreds of thousands of dollars in revenue from the New York students -- let alone the perhaps millions of dollars in revenues from all students outside California -- is a "non-issue" is clearly frivolous.

[10] Defendant also suggests, without legal citation, that Plaintiff has failed "to demonstrate any alleged confusion, damage, lost sales, or lost customers" because the three students' files "reveals that same did not locate the Academy by utilizing the 'SVA' acronym." (Def. Mem. at 6). This assertion is absurd. These issues relate to the matter of proof of the underlying claim, and are not requirements for establishing personal jurisdiction. As set forth in Plaintiff's opposition papers, the injury requirement is satisfied by the alleged harm and threatened harm resulting from actual or potential confusion and deception of Internet users. Energy Brands Inc., 571 F. Supp. 2d at 467; PDK Labs, Inc. v. Proactive Labs, Inc., 325 F. Supp. 2d 176, 181 (E.D.N.Y. 2004); American Network, 975 F. Supp. at 497; Starmedia Network, Inc. v. Star Media, Inc., 00 CIV. 4647 (DLC), 2001 U.S. Dist. LEXIS 4870, at *6 (S.D.N.Y. Apr. 23, 2001).

[11] Two New York students, Edward Spychalsky and Timothy Iorio, learned of Defendant through the Internet. (Weissman Supp. Decl. Exs. 3-4). Although Defendant attempts to downplay the significance of Iorio's contacts because he transferred from the school after one week, his contacts are no less important than those of the other applicants. Indeed, the notation on his application indicates his interview was conducted by phone, bolstering the conclusion that Defendant engaged in direct contacts with New York to admit him as a student. (Id. Ex. 3).

based on the defendant's agreement to sell its product to New York. Kernan, 175 F.3d at 241. In contrast, Ivoclar Vivadent, Inc. v. Ultident, inc., No. 04-CV-0984(SC), 2005 WL 1421805 (W.D.N.Y. June 15, 2005), also cited by Defendant, is inapposite as the transaction at issue in that case was between two Canadian companies and did not involve any effort to serve New York. Ivoclar, 2005 WL 1421805, at *5. Here, jurisdiction in New York was certainly foreseeable. In fact, Defendant had additional reason to be on notice that its activities to market the school could subject it to legal action over trademark infringement. In that regard, Defendant admits that the school had previously been contacted concerning potential trademark infringement when its school was named "The Olympic School." (Weissman Supp. Decl. Ex. 1 ¶ 4). Defendant certainly should have been on notice, then, of the potential for legal action by another entity over trademark issues, especially when, in the process of registering its webdomain, it discovered the existence of "sva.edu", and likely had notice of Plaintiff's mark.

Squaw Valley also suggests that its contacts with New York are not sufficient to meet due process concerns. Defendant ignores the well-established rule, cited in Plaintiff's opposition brief, that because New York's long-arm statute is narrower in scope than the Due Process Clause, so long as Defendant meets the standards of Section 302, it will also satisfy the due process standard. Energy Brands Inc., 571 F. Supp. 2d at 468-69 (holding that Due Process concerns were met where personal jurisdiction was met by New York's long-arm statute); Banco Ambrosiano, S.p.A. v. Artoc Bank & Trust, Ltd., 62 N.Y.2d 65, 71, 476 N.Y.S.2d 64 (1984). Defendant's attempts to distinguish Kosta v. St. George's University School of Medicine, 641 F. Supp. 606 (E.D.N.Y. 1986), a non-trademark case not even cited by Plaintiff, is of no assistance, since in that case the Court found jurisdiction existed. Defendant has provided no argument or contrary authority which establishes that the quantity and quality of its direct contacts with New York fail to meet due process concerns.

## C. If The Court Is Not Satisfied That Jurisdiction Exists, It Should Permit Discovery

As Defendant admits, district courts enjoy broad discretion in deciding whether to order discovery. (Def. Mem. at 9). Should the Court not be satisfied that jurisdiction is established, it should permit previously served and noticed jurisdictional discovery to proceed, as Plaintiff's pleading and the evidence in the record are more than sufficient to establish a prima facie case of jurisdiction. Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir. 1998) (good faith pleading is sufficient to overcome a challenge to jurisdiction); Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990) (determination of prima facie jurisdiction is based on pleadings and affidavits considered in the light most favorable to the plaintiff.).

## POINT II

## DEFENDANT FAILS TO ESTABLISH ANY OF THE ELEMENTS OF FORUM NON CONVENIENS TO OUTWEIGH PLAINTIFF'S CHOICE OF VENUE

Defendant presents no argument on reply to dispute Plaintiff's extensive caselaw to show that Defendant has failed to meet its heavy burden to defeat the presumption in favor of Plaintiff's choice of forum. The Motion must be denied.

## CONCLUSION

For all of the foregoing reasons, SVA respectfully requests that the Court enter an order denying Squaw Valley's motion in all respects, and granting such other further relief as the Court deems just and proper.

Dated: New York, New York
October 30, 2009

MORRISON COHEN LLP

By: _____
Fred H. Perkins (FP-8240)
Alvin C. Lin (AL-1536)
909 Third Avenue
New York, New York 10022
(212) 735-8600